Ross-Paris Co. v. Brown.

Case 102.—ACTION BY NORA A. BROWN AGAINST THE ROSS-
PARIS CO. FOR DAMAGES FOR PERSONAL INJURIES.—
January 25.

121    821
125    123

## Ross-Paris Co. v. Brown.

Appeal from Jefferson Circuit Court, Common
Pleas Branch, Third Division.

MATT O'DOHERTY Judge.

Judgment for plaintiff. Defendant appeals. Af-
firmed.

1. Master and Servant—Using Dangerous Machinery—Knowledge
of Superiors—Obvious Danger—Liability of Master—In an
action by a servant against his master for an injury received
in using dangerous machinery, the rule is that where a ser-
vant proceeds under the express orders of his superior in
performing an act where he is exposed to unusual danger,
and sustains an injury from it, the master is liable unless
the risk of the act was realized by the servant, or was so
apparent, that no man of ordinary prudence, situated as
he was, would have undertaken it.

2. Pleading—Necessary averments—In an action by a servant
against his master for an injury in the use of dangerous or
defective machinery an averment in the petition "that the
dangerous condition of the machinery was known to the
master and his agents superior to the plaintiff, but was
unknown to the plaintiff," is usually sufficient without aver-
ring that he could not, by ordinary care, have known of such
defect and danger.

3. Inspection of Machinery—Duty of servant—In an action by a
servant against his master for an injury by the use of dan-
gerous or defective machinery, the rule is that if inspection
is not in the line of duty of the servant, and the defect or
danger is not so obvious or patent that the performance of
his duties would make it known to him, or in the course of
his work and as a natural incident to it he should know it,
he may recover.

4. Instructions—Ordinarily, in cases of ths sort, the instructions should submit to the jury the question whether the servant knew the danger, or whether it was so obvious that in the course of his employment by ordinary care he should have known it.

5. Errors Not Prejudicial—Under the statute a judgment shall not be reversed for an error not prejudicial to the substantial rights of the party complaining.

FORCHT & FIELD for appellant.

BENNETT H. YOUNG and M. W. RIPY for appellee.

(No briefs in the record.)

OPINION BY CHIEF JUSTICE HOBSON—Affirming.

Nora Brown had been working for appellants in their laundry about six or seven months as an ironer. Her business was to iron ladies' clothes on a table and board. One morning the girl who worked at the mangle was absent, and the forewoman said to Miss Brown: "I wish you would go to the mangle, as I am short of girls this morning." The mangle is a large roller through which the clothes are run. The mangle was out of order. It was not drying the work, and complaints were coming in from the linen room to the forewoman. Some half hour after Miss Brown went to the mangle the forewoman came to it and saw that it was jumping and not running smoothly as it ought to run. She then said to Miss Brown: "You go to Mr. Enny, the engineer, and tell him I say to please come and fix this mangle, because it needs fixing. There is danger about it." Miss Brown went to the engineer, who refused to come, and told her to tell the forewoman not to bother him about the mangle; that he was not going to fix it. She came back and told the forewoman what the engineer said, and thereupon the forewoman said to

her: "Go on there and work that mangle any how.
Go on there and feed those napkins.  Either
do that or go." Miss Brown said: "All right; I
will work"—and returned to the mangle and began
feeding the napkins in it.  In a short time, by reason
of the defective condition of the mangle and its jump-
ing as she was feeding a napkin into it, her hand was
drawn into the machine.  The hand was badly burned
and torn.  It was a question submitted by the physi-
cians whether the hand could be saved; but it was
finally concluded that by a secondary operation, tak-
ing the fingers off at the joints, the hand might be
saved.  This was done.  She suffered very intensely.
She was in bed about three months, and at the time
of the trial a year afterwards had not been able to
work any more.  She could not bend her hand, and
could only use her thumb.  She was earning
$14 a month at the time.  She knew nothing about
the machinery, and, although she had worked at the
mangle occasionally before, the danger of its use was
not explained to her, and she did not know what was
the matter with it.  That the mangle was out of order,
and had been for some days, and that this was known
to her superiors, is pretty clearly shown.  The jury
found for her a verdict of $2,000, upon which the
court entered judgment, and the defendant appeals.

It is insisted for the appellants that the court
should have given a peremptory instruction to the
jury to find for them, on the ground that the evidence
showed that the plaintiff knew of the danger, and
therefore could not recover.  There would be great
force in this, if the plaintiff had not been perempto-
rily ordered by the forewoman to go on with the
work at the mangle.  The rule is that, where a servant
proceeds under the express orders of his superior in

performing an act whereby he is exposed to unusual danger, and sustains an injury from it, the master is liable, unless the risk of the act was realized by the servant, or was so apparent that no man of ordinary prudence, situated as he was, would have undertaken it. (Long's Administrator v. Illinois Central Railroad. Company, 113 Ky., 806, 24 Ky. Law Rep., 567, 68 S. W., 1095, 58 L. R. A., 237, 101 Am. St. Rep., 374, and authorities cited. In the case at bar it is very clear that the girl whose business it was to iron at the table, did not realize the risk of operating the mangle in its defective condition, and the danger was not so apparent that a person of ordinary prudence, situated as she was, would not have undertaken it. It is true the forewoman said to her, "there is danger about it," when she sent her to the engineer; but she did not explain to her what the danger was, and, when she came back from the engineer, ordered her to go on and work at the mangle. When she did this, the girl had a right to assume that the forewoman would not order her to do anything that would imperil her safety. (Brice v. L. & N. R. R. Co., 9 S. W., 288, 10 Ky. Law Rep., 526.)

It is also insisted that the petition is defective, because it simply averred that the dangerous condition of the mangle was known to the defendants and their agents, superior in authority to plaintiff, but was unknown to plaintiff. It is insisted that it should have been averred, in addition, that she could not by ordinary care have known of the defect in the mangle. The instructions to the jury followed the language of the petition, and it is insisted that they were also defective in not submitting to the jury the question whether the plaintiff by ordinary care might have known the danger. The rule that a servant can not

recover when he understood the danger is based upon the idea that he assumed the risk. Whether the servant knew or did not know a given fact is not always susceptible of direct proof, for the mental processes can not be laid bare. Therefore it is often said that a man is held to know "what the surrounding circumstances show he ought to know. But after all, this is a mere rule of evidence, and the averment in the petition that the plaintiff did not know the danger, and that the defendants did know it, is usually sufficient. The rule is that if inspection is not in the line of duty of the servant, and the defect or danger is not so obvious or patent that the performance of his duties would make it known to him, or in the course of his work and as a natural incident to it he should know it, he may recover. (Kentucky Freestone Company v. McGee 118 Ky., 306; 80 S. W., 1113; Ahrens & Ott Manufacturing Company v. Rellihan, 82 S. W., 993, 26 Ky. Law Rep., 919, and cases cited.) Whether the servant by ordinary care should have known the danger will depend upon the nature of his duties, as well as the nature of the defect and the other circumstances surrounding the servant. The court plainly told the jury that if the plaintiff failed to use ordinary care for her safety she could not recover, and he also plainly told the jury that if she knew the danger she could not recover. There was nothing in the case to impose on the girl the duty of inspection of the machinery. The real question in the case was whether she knew the danger. The jury found she did not know it. Their finding would have been manifestly the same if the qualification insisted upon by appellants had been made to the instruction.

Oridinarily, in cases of this sort, the instructions should submit to the jury the question whether the

Ross-Paris Co. v. Brown.

servant knew the danger, or whether it was so obvious that in the course of his employment by ordinary care he should have known it. This is the rule laid down in the older cases; and the later cases were not intended to depart from the rule. But in this case, as the servant acted under the direct command of her superior, in lieu of the instructions given the court should have told the jury that they should find for the defendants if the danger was realized by the servant, or was so apparent that a person of ordinary prudence, situated as she was, would not have undertaken it. This, under the evidence, would have been no more favorable to the defendants than the instructions the court gave. Under the statute a judgment shall not be reversed for an error not prejudicial to the substantial rights of the party complaining, and on the whole case we do not see that the jury could have possibly been misled.

Judgment affirmed.