## Louisville & Nashville Railroad Company v. Stewart.

(Decided February 25, 1915.)

### Appeal from Laurel Circuit Court.

1. Venue—Pleading—Special Demurrer Where Petition Does Not Show Action Not Brought in Wrong County.—A special demurrer will reach defects apparent upon the face of the petition. Where the petition does not show that the action is not brought in the proper county, a special demurrer will be unavailing to challenge the jurisdiction of the court; and unless objection to the jurisdiction is made as required by Section 118, Civil Code, the objection will be deemed waived.

2. Master and Servant—Master's Liability for Injuries to Servant—Actions—Pleading—Negativing Assumption of Risk and Contributory Negligence.—A general allegation of want of knowledge of the defect or danger includes constructive and imputed knowledge as well as actual knowledge, and it is unnecessary in this State to negative specifically assumption of the risk and contributory negligence.

3. Damages—Actions—Proceedings for Assessment—Instructions.—Future suffering is an element of general damages; and a recov-

ery may be had for any pain which it is reasonably certain the plaintiff will endure after the trial as well as any pain endured up to that time, as the result of the injury. But future suffering and permanent impairing of earning power are not to be confused for the plaintiff's condition at the time of trial may be such that future suffering is reasonably to be expected although his injuries are not permanent. Permanent impairment of earning power must be specially pleaded; but not future suffering.

4. Damages—Action—Proceedings for Assessment—Loss of Time—Pleading.—Loss of time is an element of special damages and must be specially pleaded; if the pleading is blank as to the amount claimed, no recovery therefor may be had.

5. Master and Servant—Master's Liability for Injuries to Servant—Tools—Appliances and Places of Work.—The simple tool doctrine does not apply to a concrete floor weakened by hidden defects.

GEORGE G. BROCK and BENJAMIN D. WARFIELD for appellant.

W. L. BRUNER and J. A. CRAFT for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

This is an appeal from a judgment of the Laurel Circuit Court rendered March 9, 1914, in favor of Floyd Stewart and against the Louisville & Nashville Railroad Company, for one thousand dollars, damages for personal injuries received by the plaintiff on October 24, 1912, while employed as a laborer in the shops of defendant company in Louisville.

1. The petition contained no allegation as to the place of residence of the plaintiff; nor was it alleged that the defendant company's principal office and place of business was located in Laurel County; and the petition shows that the injuries complained of were received in Jefferson County.

The defendant filed a special demurrer to the petition upon the ground that the petition showed that the court had not jurisdiction of the action; and of the overruling of this special demurrer, appellant complains.

A special demurrer will only reach defects which are apparent upon the face of the petition. Sec. 92, Civil Code; Fentzka's Admr. v. Warwick Constr. Co., 162 Ky., 580; L. & N. R. Co. v. Mitchell, 162 Ky., 253.

And where the petition does not show that the county where the action is brought is not the proper county in which to bring it, a special demurrer will be unavailing.

Fentzka case, *supra.* In such case, objection to the jurisdiction of the court must be made as required by Section 118, Civil Code, and unless so made, the want of jurisdiction is waived. Richardson v. L. & N., 129 Ky., 449, 112 S. W., 582, 33 R., 972. The defendant having failed to challenge the jurisdiction of the Laurel Circuit Court in any manner other than by the special demurrer, waived its objection thereto.

2. The plaintiff alleged in his petition that he was engaged in loading bolts on a wagon or truck in defendant's shops when the wheels of one side of the truck broke through the concrete floor on which it stood, and the truck fell against plaintiff, causing him to be caught between the truck and a bolt-shearing machine, and thereby injured him. He alleged that the defective condition of the concrete floor was not known to him; but failed to allege that by ordinary care he could not have discovered it, or that he had not equal means of knowledge with the defendant, to note the defect; and because of the failure so to allege, the appellant insists that the court erred in overruling its general demurrer to the petition.

The rule in this State is that a general allegation of want of knowledge includes constructive and imputed knowledge as well as actual knowledge, and that it is unnecessary to negative specifically assumption of the risk and contributory negligence.

In L. & N. v. Carter, 112 S. W., 904, decided Oct. 22, 1908, it was said: "Counsel further insists that the petition is fatally defective in not alleging that the plaintiff could not by the exercise of ordinary care have seen the exact condition of the platform, or did not allege that plaintiff did not have equal means with the defendant of knowing of the defect. The rule contended for by counsel is no longer the law in this State. The allegation that the unsafe and dangerous condition of the platform was unknown to the plaintiff, was sufficient. Peter & Melcher S. S. Works v. Green, 76 S. W., 844, 25 R., 946; Pfisterer v. J. H. Peters & Co., 117 Ky., 51; 78 S. W., 450;" in both of which latter cases, the case of Bogenschutz v. Smith, 84 Ky., 330, is distinguished. See also Willie v. E. T. Co., 84 S. W., 1166, 27 R., 335; Ross Paris Company v. Brown, 121 Ky., 821, 28 R., 813, 90 S. W., 568; L. & N. v. Irby, 141 Ky., 151. The case of City of Henderson v. Sizemore, 104 S. W., 722, 31 R., 1134, holds

that it is unnecessary to negative contributory neglect, but also contains some language based on the Bogenschutz case, *supra*, by way of dicta, to which extent the case of L. & N. v. Carter, *supra*, overrules it.

The trial court properly overruled the general demurrer to the petition.

3. The court instructed the jury upon the measure of damages, as follows:

"No. 2. If the jury finds for the plaintiff, you will allow him such sums as you may believe from the evidence will fairly and justly compensate him for the physical pain and mental anguish, if any of either he was caused to endure, and which you may believe from the evidence it is reasonably certain he will hereafter endure, as the direct and proximate result of such injury; and in addition thereto, such sum as you may believe from the evidence will reasonably compensate him for any loss of time which he suffered by reason of said injury, if any; but you will not allow him for any greater length of time than twenty days; but in all your findings, if you find for the plaintiff, you will not exceed the sum of $3,000, the amount claimed in the petition."

It was alleged in the petition that "thereby the plaintiff lost from his work as laborer for the defendant, twenty-two days, that he was earning at the time of said injury (blank) dollars, * * * and has been put to much expense and trouble by reason of said injury, and has lost much valuable time." There was no averment of permanent injuries, nor that plaintiff would suffer physical pain or mental anguish after the institution of the action.

Appellant contends that the instruction given was erroneous in allowing a recovery for any pain and suffering which it was reasonably certain the plaintiff would endure after the trial, because there was no averment of future pain and suffering. It was held in Alexander v. Humber, 8 R., 619, that "Future suffering" is an element of general damages, and need not be specially pleaded. It may be conceded that permanent impairment of earning power must be specially pleaded. L. & N. v. Moore, 150 S. W., 849, 150 Ky., 692. But future suffering and permanent impairment of earning power are not synonymous terms. The plaintiff at the date of the trial may be in such condition that future suffering is reasonably to be expected, although his injuries may not be such as to permanently impair his power to earn money.

The rule is that where ''there is substantial evidence showing that there is likelihood that the plaintiff will continue to suffer because of the injury'' he is entitled to recover for any pain which it is reasonably certain he will endure after the trial, as well as any endured up to that time, as the result of his injury. Howard v. Henderson Traction Co., 121 S. W., 955; L. & N. v. Logsdon, 114 Ky., 752; Ches. & Ohio Ry. Co. v. Hawkins, 124 S. W., 836; So. Cov. & C. St. R. Co. v. Cleveland, 100 S. W., 283, 30 R., 1072, 11 L. R. A. (N. S.), 853; L. & N. v. Roe, 142 Ky., 456, 134 S. W., 437; N. L. A. T. Co. v. Pirman, 82 S. W., 976, 26 R., 933. See also 13 Cyc., 139, 246.

As explained in City of Georgetown v. Groff, 136 Ky., 662, 124 S. W., 888, this rule applies where there is no allegation and proof of permanent injury, and where it appears upon the trial that the plaintiff has not fully recovered and is yet suffering from his injuries. If it appears upon the trial 'that he has fully recovered, then, of course, the finding for suffering should be confined to that theretofore endured.

4. It is further contended by appellant that instruction No. 2 is erroneous in that it permits a recovery of ''such sum as you may believe from the evidence will reasonably compensate him for any loss of time he suffered by reason of said injury.''

In this contention appellant is correct. Loss of time is an element of special damages, and there can be no recovery therefor without a special plea. If the pleading is blank as to the amount claimed therefor, no recovery may be had. Lexington Ry. Co. v. Britton, 130 Ky., 676, 114 S. W., 295; L. & N. v. Dickey, 31 R., 894, 104 S. W., 329; L. & N. v. Roney, 32 R., 1326; Cent. Ky. Trac. Co. v. Chapman, 130 Ky., 342, 113 S. W., 438; Blue Grass Trac. Co. v. Ingles, 140 Ky., 488; Ches. & Ohio Ry. Co. v. Crank, 128 Ky., 329, 108 S. W., 276, 32 R., 1202, 16 L. R. A. (N. S.), 197.

5. Appellant also insists that the ''simple or common tool'' doctrine applies here.

But that doctrine applies only where the tools and appliances furnished are of a simple nature, easily understood, and in which the defects, if any, can be easily and readily observed by the servant. Ohio Valley Railway Company v. Copley, 159 Ky., 38.

It cannot be contended that a concrete floor is a simple tool, or that a defect in its construction, whereby it is weakened, is open to ordinary observation.

6. Appellant further insists that it was entitled to a directed verdict in its favor because plaintiff failed to prove that it knew the concrete floor was defective, or could so have known by the exercise of proper care, and cites as supporting its contention a number of cases, all of which are here inapplicable. The cases cited are those where the cause of the accident not being known, the facts were such that it could have happened in two or more different ways, for which reason a presumption of negligence was not indulged.

But in this case, according to the contention of plaintiff, the cause of the accident was the giving way of the concrete floor; and it was for the jury to say whether the defendant exercised or failed to exercise ordinary care to provide the plaintiff with a reasonably safe place in which to work. The fact that the floor broke as contended by plaintiff was sufficient to raise an inference of negligence and shift to appellant the burden of explaining why it broke.

7. It is further contended by appellant that the damages awarded are excessive. This may be true, but as there must be another trial of this case, it is unnecessary to discuss this contention at length.

8. Instruction No. 1 was erroneous in failing to extend plaintiff's assumption of the risk beyond an actual knowledge of the defect so as to charge him therewith if he could have discovered the defect by the exercise of ordinary care; and upon the next trial the court will so modify it. L. & N. v. Hall, 74 S. W., 280, 24 R., 2487.

Reversed for proceedings consistent with this opinion.