## Capital Laundry Co. v. McRoy's Guardian.

(Decided February 11, 1921.)

### Appeal from Jefferson Circuit Court
### (Common Pleas Branch, Fourth Division).

Master and Servant—Action for Personal Injuries—Contributory Negligence.—In an action by a girl 17 years old for damages for injury to her hands which were caught and burned between the rollers of a mangle in appellant's laundry, held that she was not guilty of contributory negligence in momentarily forgetting the dangerous character of her work, and thoughtlessly turning her eyes aside when something happened in the room to distract her, thereby allowing her hands to be drawn into a machine her employer had put her to operate, knowing the safety device with which it was equipped was not in working order, except for which the accident could not have happened.

BLAKEY, DAVIS & LEWIS for appellant.

EDWARD G. HILL, ROBT. L. PAGE, CHAS. F. OGDEN and DAVIS, PAGE & DOWNING for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Fay McRoy, in whose behalf this action is prosecuted by her statutory guardian, became seventeen years of age in January, 1917. She was employed to operate a handkerchief mangle by defendant, now appellant, in January, 1918, and while so engaged about a month later was permanently injured by having her hands caught and horribly burned between the rollers of the mangle.

The defendant concedes there was sufficient evidence of causal negligence upon its part to carry that question to the jury and that same was properly submitted by the instructions, and it does not question the size of the verdict, but for reversal insists only that the court erred (1) in not finding, on its motion for a directed verdict, that Miss McRoy, whom for convenience we shall call plaintiff, was guilty of contributory negligence as matter of law, and (2) in refusing to give a concrete instruction on that question.

The same facts are relied upon to sustain both contentions and were stated in a separate paragraph of the answer as a specific plea of contributory negligence thus:

"Further answering herein, defendant states that plaintiff, Fay McRoy, at the time of the accident complained of herein, knew that one of the rolls of said iron-

ing machine was heated and would burn her hand if it touched same; knew further that the two rolls of said ironing machine were so close together that if she permitted her hand or hands to be caught between same, her said hand or hands would be tightly held against said heated rolls; knew that said rolls were revolving in the usual manner for the purpose of ironing handkerchiefs and other articles such as were ironed upon said machine; knew that the brick which had been placed between the frame of said machine and the pedal thereof was then keeping, and would continue to keep the rolls above referred to close together and revolving; and with full knowledge of the above stated facts, said plaintiff, Fay McRoy, attempted to rearrange the covering on the lower of said rolls at the same time that she was looking in another direction and was not watching either her hands or said rolls, or the covering of the roll which she was attempting to rearrange. Defendant states that said facts constitute contributory negligence on the part of the said plaintiff, Fay McRoy, and that but for said contributory negligence on the part of said plaintiff, Fay McRoy, said plaintiff could not and would not have been injured, and defendant pleads said facts in bar of plaintiff's action herein.''

Of these allegations plaintiff denied in her reply only that she knew her hands would be held against the heated roller if they should be caught in the mangle or that she knew the rolls were revolving in the usual manner.

In her testimony she admitted she knew the rolls were revolving but denied that she knew her hands would be held against the heated roller if caught in the mangle.

Hence the only issue upon the trial as to her knowledge of these facts was whether she knew her hands if caught in the mangle would be held against the heated roller. But what she knew about the mangle and the danger incident to its operation bear more directly upon the question of assumed risk, also relied upon as a defense, and there is no complaint, or room for any, that that question was not properly submitted to the jury in the instruction given.

However, what she knew of the conditions under which she was working is pertinent, of course, in connection with what she did, upon the question of contributory negligence.

The only thing that she is alleged to have done which contributed to her injury is that she "attempted to re-arrange the covering on the lower of said rolls at the same time that she was looking in another direction, and was not watching either her hands or said rolls or the covering of the roll which she was attempting to arrange."

This she admits in both her pleadings and her testimony, but she explains that while arranging the covering on the lower roll there was some sudden, unusual noise in another part of the room which attracted her attention and caused her thoughtlessly to look around in that direction from which it came, and that it was while her attention was thus momentarily distracted her hands were caught between the rolls, and that she could not pull them out or work the safety device because of a brick that some one other than herself had placed between the frame of the machine and the safety lever with which it was equipped. No one contradicted her in any of these statements.

The test therefore in this case of whether plaintiff was guilty of such contributory neglect as to bar her right of recovery is not alone what she knew or what she did, since there is practically no issue on these matters, but depends rather upon the legal effect of what she admittedly did when considered in the light of her knowledge, experience and age, and the conditions surrounding her at the time of the accident. And we are by no means ready to say that it was contributory negligence as a matter of law for one of plaintiff's age and experience to forget momentarily the dangerous character of her work and thoughtlessly turn her eyes aside when something unusual happened in the room, which caused her involuntarily to allow her hands to be drawn into a dangerous machine her employer put her to operate knowing the safety device with which it was equipped was out of commission, and except for which the accident could not have happened. While plaintiff also knew the brick was in the machine and that it prevented the operation of the safety lever her evidence tends to prove that she did not fully appreciate the danger resulting therefrom, since she testified that because of the padding about half an inch on the lower roll she thought she could pull her hands out without injury if they should be caught between the rolls. But even aside from

this evidence we think the question of contributory negligence was for the jury and not the court. The presumption if any is rarely ever conclusive that one of plaintiff's limited experience and immature age appreciated a danger that might be reasonably anticipated by ordinary persons as it always is against the employer, and as it usually is against an experienced person of mature years. The reason for these distinctions with reference to different persons on the same facts is obvious since the basis of the presumption against any party always is what ought he reasonably to have anticipated would happen from the given facts. To determine this question the ability and opportunity of the party to understand and appreciate what might happen is necessarily a controlling factor in every case. An employer in furnishing an instrumentality for another's use, of necessity must be presumed to have had both the ability and opportunity to understand and appreciate every danger that reasonable men thus placed would have anticipated. An employee in consenting to use the instrumentality selected and furnished by another can not have the same opportunity and often does not have the same ability to judge of the dangers incident to its use, but he too must be presumed to have anticipated such dangers as his opportunities and ability enabled him to understand and appreciate; that is, such as were reasonably apparent, not to some one else, but to him. It is for this very reason that the question of contributory negligence is usually for the jury rather than the court; and it is only a question of law and for the court when there is no room for differences of opinion among reasonable men as to whether the danger was so obvious as necessarily to have been understood and appreciated by the particular person who did the act. There are many acts which done by a youth of sixteen or seventeen years of age are obviously dangerous and so understood by him about which reasonable minds could not differ, such as if he purposely stepped in front of a moving train or put his hand on a hot stove, but what about the same things done by him thoughtlessly and involuntarily in the prosecution of some youthful sport or fancy or while attempting to perform a man's work at a complicated and dangerous machine? Is a child or a youth to be held to the same degree of accountability always and everywhere as a matured and experienced man? Certainly not, and surely we need not cite

authorities at this late date to sustain a negative answer to the query.

Neither do we regard it necessary to cite authorities to sustain our opinion that plaintiff was not guilty of contributory negligence as matter of law simply because she involuntarily permitted her hands to be drawn into a dangerous machine while her attention was momentarily distracted. To do so would not only disregard entirely the thoughtlessness of youth and measure it by the standard of maturity, but could impose upon youth all the hazards of operating a dangerous machine, made extremely so by the carelessness of the master in putting her to operate it with its safety device out of commission, which act of itself would have deprived the defendant of the defense of contributory neglect, as a matter of law under our statutes had she been two months younger than she was when the accident occurred. That the court did not err in denying defendant's motion for a directed verdict is very clear, it seems to us.

2. We are also of the opinion that the court submitted the question of contributory negligence to the jury as fully and as concretely as the facts justified or permitted. Really this is not a case where a concrete instruction could have been given very easily, since the very conception of a concrete instruction presupposes primary facts in issue, and the only fact in issue here was the ultimate fact of contributory negligence.

As we have tried to make clear that fact in this case did not depend alone or principally on what plaintiff did since she admitted doing all that was charged against her, but rather upon whether or not, under all the admitted facts and circumstances surrounding her, doing what she did, was the ultimate fact, contributory neglect? Ordinarily where the primary facts are not in issue the question is for the court, but not so here since the question for decision is the conclusion reasonable men ought to draw from relative primary facts not in issue, and this is not a question of law but one of fact, where as here there is room for diversity of opinion among reasonable men.

But even if it be conceded a more concrete instruction could have been given, those offered by the defendant were in effect but peremptories to find for it since they predicated contributory neglect upon what plaintiff admitted she knew and did, and did not make any refer-

ence whatever to her age, experience or the other circumstances upon which the question of contributory negligence depended.

These were the matters covered by the instruction on the question given by the court.

Finding no error in the record prejudicial to appellant's substantial rights, the judgment is affirmed.