Jerry CAPPS, Appellant,

v.

Morton W. PENCE, Appellee.

Court of Appeals of Kentucky.

May 27, 1955.

the end of the twine would be caught up and carried around a bale of hay, and then cut off. When the machine was operating properly, the twine would be pulled down through the pipe and so cut off as to leave the end of the ball of twine hanging down close to the belt, where it would be caught up for the next bale.

The tractor not only propelled the baler along the ground, but there was a "power takeoff" on the tractor, connected to a shaft on the baler, which caused the belts and rollers on the baler to operate. The tractor had a separate clutch and gear lever for the power takeoff, so that it could be disengaged whether or not the tractor was in motion.

On the day of the accident, Capps was operating the tractor and baler by himself. Because the baler was not functioning properly, the twine was being cut off too short, so that it did not hang down close enough to the belt to be caught up and carried around the bales of hay. Capps stopped the forward motion of the tractor, and walked back to pull the twine down by hand. However, he left the power takeoff in gear, so that the belts and rollers of the baler continued to run. As he leaned over the side of the baler and pulled the twine down, his left arm was caught between the belt and the roller, and both of his arms were dragged into the roller, resulting in severe injuries.

There was evidence that this was the first time Capps had operated the baler by himself, but on one or two previous days he had ridden on the tractor with Pence as the latter operated it. Several times on those days the twine had been cut off too short, and the first few times Pence went back and pulled the twine down, while the remainder of the times Capps did it. However, Capps was unable to say, on the trial, whether or not Pence had disengaged the power takeoff on those occasions. His statement* was, "I don't know—I wouldn't say."

Although Capps testified that he had had no previous experience with this particular make of baler, he admitted that he had op-

Haynes Carter, Elizabethtown, for appellant.

Faurest & Montgomery, Elizabethtown, for appellee.

CULLEN, Commissioner.

Jerry Capps, while working as a farm hand for Morton W. Pence, was injured when his arms were caught between a roller and belt of a hay baler. He sued Pence for damages. At the conclusion of the plaintiff's evidence, the court directed a verdict for the defendant, apparently on the ground that Capps was contributorily negligent as a matter of law. Capps has appealed, contending that there was a jury issue on negligence and contributory negligence.

The baler was a "pick-up" baler, being pulled by a tractor. As the baler moved over the field, the hay was picked up on an inclined apron and carried on a wide belt beneath large rollers, which compressed the hay into cylindrical bales. As the hay passed between the rollers, a length of twine automatically was wrapped around the bale, tied, and cut off. A ball of twine was suspended at the top of the machine, and the twine ran down through a short length of pipe in front of the first large roller, and hung down near the top of the belt which carried the hay beneath the roller. At proper intervals as the hay moved up the belt and under the roller,

erated other makes of balers and had worked in the operation of various other kinds of farm machinery for at least 12 years. He admitted that he knew how to disengage the power takeoff and he knew that the twine could be pulled down with the baler out of gear. He further admitted that he had seen a sign on the machine warning against stepping on the apron when the machine was running.

There was some evidence that a guard shield, designed to be attached to the side of the baler at or near the point where Capps leaned over the machine to pull down the twine, was not on the machine.

Capps seeks to avoid the charge of contributory negligence (or assumption of risk) on the grounds that (1) his employer did not warn him of the danger; (2) he was following the orders and instructions of his employer in the method he employed to pull down the twine; (3) the guard shield was missing from the baler; and (4) he was an uneducated person with no experience with this particular kind of baler.

■ As concerns a duty to warn of the danger, we think the danger of placing one's hands and arms in close proximity to moving belts and rollers, particularly at a point where a belt passes beneath a large roller, would be obvious to any ordinarily prudent person, and therefore there was no duty on the employer to give warning of the danger. See Cardwell v. Haycraft, Ky., 268 S.W.2d 916. Furthermore, there was a warning sign on the machine, calling attention to the danger of being on the apron when the machine was in operation.

■ The contention that Capps was following his employer's orders and instructions cannot be sustained because there was no evidence that the employer ordered or instructed Capps to pull the twine down while the power takeoff was in gear.

■ As we view it, the fact that the guard shield was missing from the baler does not relieve the employe of his contributory negligence or assumption of risk.

If he had been required to work in close proximity to the moving belts and rollers, and the employer failed to provide suitable safety devices, there would be grounds for a holding that he did not assume the risk. But here there is no evidence that he was required to approach or adjust the machine while it was moving; he had merely to disengage the power takeoff in order to remove any possible danger.

Capps' inexperience with this particular kind of baler, and his lack of education, have no significance in the light of the fact that he was familiar with the operation of similar machines and had worked with and around various kinds of farm machinery for at least 12 years. There is nothing to indicate that he did not have ordinary intelligence.

Capps relies upon the laundry mangle cases, in which recovery was allowed to employes whose hands or arms were caught in mangles. Capital Laundry Co. v. McRoy's Guardian, 190 Ky. 440, 227 S.W. 787; Ross-Paris Co. v. Brown, 121 Ky. 821, 90 S.W. 568; United Laundry Co. v. Steele, 72 S.W. 305, 24 Ky.Law Rep. 1899. In those cases the employes were required to work in close contact with moving rollers, so they are not applicable in the instant case, where Capps was not required to come in contact with the bailer while it was in operation.

■ This Court many times has held that if there is a safe way to do the work, and the employe voluntarily selects an unsafe way, and is injured, he may not recover from his employer. Crouch v. Noland, 238 Ky. 575, 38 S.W.2d 471; Steely v. Great Atlantic & Pacific Tea Co., 256 Ky. 586, 76 S.W.2d 900.

■ It is our opinion that the danger to which Capps voluntarily subjected himself was one that should have been obvious to any person of ordinary prudence, and that the lower court correctly directed a verdict for the defendant on the ground that Capps was contributorily negligent as a matter of law.

The judgment is affirmed.