L. F. RUCKER, etc., Appellant,

v.

Leroy RAINWATER et al., Appellees.

Court of Appeals of Kentucky.

Jan. 23, 1970.

Frederick Olszewski, Princeton, for appellant.

J. Luke Quertermous, Princeton, for appellees.

CLAY, Commissioner.

This is a suit for the wrongful death of a child. The original complaint was filed one day before the expiration of the one-year limitation period (KRS 413.140), and an amended complaint was filed two days thereafter. The trial court sustained defendant appellees' motion to dismiss the complaint on the ground that it failed to state a claim upon which relief could be granted.

Appellant plaintiff argues in his brief the question of whether his claim as administrator was barred by the statute of limitations, contending that his amended complaint related back to the date of his original complaint under CR 15.03. His position is supported by Modern Bakery, Inc. v. Brashear, Ky., 405 S.W.2d 742 (1966), and McBride v. Moss, Ky., 437 S. W.2d 726 (1969); but defendants do not even contend that the complaint as amended was properly dismissed on the limitations ground.

In the original complaint plaintiff sued in his own name as father and next friend of his deceased child. In his amended complaint he also sued as the administrator of the estate of such child. These pleadings allege that defendants carelessly operated an automobile and in a grossly negligent manner struck and killed plaintiff's infant daughter. He prayed for damages in the amount of $50,000, plus $460 for hospital services and funeral expenses.

Defendants contend that it is impossible to determine from plaintiff's pleadings in which capacity he is prosecuting this suit. It seems obvious that he asserts valid claims, both as the administrator suing for wrongful death and as the person who was obligated to pay the child's hospital expenses. Apparently he has no proper claim as next friend, but he otherwise has adequately pleaded a right to relief under CR 8.01. One good cause of action is sufficient to shield a complaint from dismissal on the ground asserted in defendants' motion to dismiss.

Defendants also contend that the complaint as amended fails to allege which of them was driving the automobile. Perhaps the defendants know this, but the failure to make such an allegation does not vitiate plaintiff's causes of action. If defendants needed more specific information, they could have moved for a more definite statement under CR 12.05. In any event, plaintiff's pleadings give adequate notice under CR 8.01 of the nature of the claim

and he has a proper demand for judgment. See Clay, Ky.Prac., Rules of Civ.Proc.Ann., Rule 8.01, Comment 3.

We are unable to find a ground which would justify the dismissal of plaintiff's complaint as amended and we believe the trial court erred.

The judgment is reversed.

All concur.