Della Mae JOHNSON, Administratrix of the Estate of David Lee Johnson, Deceased, Appellant,

v.

THONI OIL MAGIC BENZOL GAS STATIONS, INC., Appellee.

Court of Appeals of Kentucky.

June 4, 1971.

John D. Miller, Miller & Taylor, Richard D. Gilliam, Jr., Owensboro, for appellant.

Clarence Bartlett, Bartlett, McCarroll & Nunley, Owensboro, for appellee.

STEINFELD, Judge.

Appellant, Della Mae Johnson, Administratrix of the estate of David Lee Johnson, deceased, sued appellee, Thoni Oil Magic Benzol Gas Stations, Inc. for damages. She alleged her appointment and qualification as the administratrix and the corporate status of the defendant. The next two paragraphs of her complaint were as follows:

"II

That on or about January 18, 1969, while in the employ of defendant, Thoni Oil Magic Benzol Gas Stations, Inc., in Owensboro, Daviess County, Kentucky, plaintiff's intestate, David Lee Johnson, was killed and murdered by unknown assailants.

III

That plaintiff's intestate, David Lee Johnson, met his death as a result of negligence of the defendant, Thoni Oil Magic Benzol Gas Stations, Inc., in failing to provide said plaintiff's intestate a safe place and equipment with which to work and in failing to provide and train decedent in a proper and safe method of conducting the business of defendant, and in failing to provide sufficient aid and help for decedent's safety and protection."

She then alleged damage to the estate and demanded judgment. She was confronted with a motion to dismiss " * * * because the complaint fails to state a claim upon which relief can be granted." The trial court sustained the motion but allowed the administratrix time to amend. In her amendment she adopted and reaffirmed the allegations of the original complaint and then said:

"II

Plaintiff states that the defendant was negligent in one or more of the following respects:

a. Failing to provide plaintiff's intestate with a cash register

b. Failing to provide plaintiff's intestate with a telephone

c. Failing to provide ample lighting upon the premises

d. Failing to provide the aid of a fellow employee to attend the business of defendant, thus discouraging would-be robbers

e. Failing to instruct plaintiff's decedent in the proper method to attend the business of the gas station, thus lessening the probability of a robbery and/or failing to instruct said intestate of a reasonable procedure to take in the event of an attempted robbery

f. Failing to provide plaintiff's intestate with a firearm for his own protection from the danger from probable robbery which probable robbery was apparent from the nature of defendant's business and the general location and environment of same."

She demanded the same relief as before. Again the defendant moved to dismiss for the same reason as in the first motion. The court " * * * ordered and adjudged * * * that said complaint and complaint as amended do not state a claim upon which relief can be granted" whereupon it dismissed the action. The administratrix appealed, relying upon CR 8.01 which reads as follows:

"A pleading which sets forth a claim for relief, whether an original claim,

counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded."

In 6 Kentucky Practice, Clay, Page 129 it is said:

"The true objective of a pleading stating a claim is to give the opposing party fair notice of its essential nature, the basis of the claimant's right, the adverse party's wrong, and the type of relief to which the claimant deems himself entitled."

The appellee argues that this objective was not met and that it was incumbent upon the pleader to allege a fact or circumstance " * * * which would cause or should cause appellee to have foreseen that a bandit might murder decedent" and " * * * that plaintiff's decedent was injured in the course or scope of his employment." Appellee refers us to language found in 6 Kentucky Practice, Clay, Page 129 as follows:

"This is not to say that the underlying principles of stating a cause of action are not to be observed. The basic elements thereof must still be fairly shown, i. e., (a) a primary right of the plaintiff, and (b) a wrong of the defendant which breaches that right and results in damage. A pleading which merely suggests or hints or creates suspicion that the party has a right of action is not sufficient and should certainly be condemned."

We approved that comment in Burkhart v. Community Medical Center, Ky., 432 S. W.2d 433 (1968). The oil company also relies on Security Trust Company v. Dabney, Ky., 372 S.W.2d 401 (1963) which said:

"It is, of course, elementary that under the Civil Rules a complaint need only give fair notice of a cause of action and the relief sought. Clay, 6 Kentucky Practice, Rule 8.01, Note 3 et seq. But still it must disclose a cause of action. The complaint in this case, as amended, makes it perfectly clear that the pleader has said all he has to say, that he has, as it were, shot his bolt. He approaches a cause of action only in the allegations of self-interest on the part of the directors, and in this respect the fair import of the complaint is that the directorships on the re-organized board are the sole and particular basis for those allegations. Where a plaintiff chooses to state his complaint in full detail, in lieu of the simple form sufficient under the Civil Rules, and neither its contents nor the inferences reasonably to be drawn from them will support his claim for relief, a motion to dismiss serves substantially the same purpose as a motion for summary judgment and should be sustained. It is our opinion that the trial court did not err in this respect."

Appellee requests that we also see Rucker v. Rainwater, Ky., 449 S.W.2d 753 (1970).

KRS 338.030 known as the "safe place" statute provides in part as follows: "(1) Every employer shall: (a) Furnish places of employment that are safe for the employes therein; (b) Furnish safeguards and safety devices reasonably necessary to protect his employes from accidental injuries; and (c) Adopt and use practices, methods and processes reasonably necessary to render such employment safe."

Our cases have held that if the proof sustains the charge, under some circumstances recovery may be had by an employee from an employer for failure to provide a safe place within which to work [Burdette v. Thompson, Ky., 420 S.W.2d 548 (1967)], for failure to supply tools needed to safely perform the service [Louisville and Jefferson County Board of Health v. Mulkins, Ky., 445 S.W.2d 849 (1969)], and for failure to properly instruct. Ruble v. Stone, Ky., 430 S.W.2d 140 (1968). Also see 9 A.L.R.3d 535. In Lillie v. Thompson, 332 U.S. 459, 68 S.Ct.

140, 92 L.Ed. 73 (1947), it was held that the trial court was in error in dismissing a complaint for failure to state a cause of action. It was alleged that an employer did not protect an employee who was assaulted while working in a remote isolated area in the night time. It is conceivable that circumstances could arise under which an employer may become liable for the murder of an employee. See 53 Am.Jur.2d 212, Master and Servant, Section 145 and Annotation 9 A.L.R.3d 517.

 It is our opinion that the allegations of the complaint without amendment were sufficient to give the oil company fair notice of the basis of the claim, and that a claim was stated. Therefore, dismissing the complaint for failure to state a cause of action, in our opinion, was erroneous. All questions not discussed are specifically reserved. The judgment must be and is reversed.

All concur.