THONI OIL MAGIC BENZOL GAS STATIONS, INC., Appellant,

v.

Della Mae JOHNSON, Administratrix of the Estate of David Lee Johnson, Deceased, Appellee.

Della Mae JOHNSON, Administratrix of the Estate of David Lee Johnson, Deceased, Cross-Appellant,

v.

THONI OIL MAGIC BENZOL GAS STATIONS, INC., Cross-Appellee.

Court of Appeals of Kentucky.

Dec. 1, 1972.

Clarence Bartlett, Bartlett, McCarroll & Nunley, Owensboro, for appellant and cross-appellee.

John D. Miller, Miller & Taylor, Richard D. Gilliam, Jr., Owensboro, for appellee and cross-appellant.

VANCE, Commissioner.

Thoni Oil Magic Benzol Gas Stations, Incorporated, appeals from a judgment against it in favor of appellee, Della Mae Johnson, Administratrix of the estate of David Johnson, in the amount of $6,000.00 for the unlawful death of appellee's decedent during the course of a robbery at appellant's gasoline service station. The decedent, David Johnson, was employed as a night attendant at the station. The appellee has cross-appealed upon the ground of inadequacy of damages.

On January 18, 1969, David Johnson was found shot to death on a county road outside the city limits of Owensboro shortly after 1:00 A.M. He was last seen alive at work at the station around midnight and his dead body was located approximately three miles from the station.

He was shot in the head. A pistol in his pocket had been snapped twice but had failed to fire. Approximately one-hundred dollars of the station's receipts was missing.

The station was located near the outskirts of but within the city limits of Owensboro on a principal thoroughfare which was patrolled hourly by city police. The street was not heavily traveled late at night and the closest all-night establishment was approximately three-fourths of a mile away.

The service station was not brightly lighted, had no telephone or cash register and did not employ a fellow attendant. It had been robbed on previous occasions.

On this appeal appellant contends (1) it was entitled to a directed verdict because no negligence was shown on the part of appellant and (2) assuming negligence, it was not shown to be the proximate cause of decedent's death.

This is the second appeal in this case. The first appeal resulted when the complaint was dismissed for failure to state a claim. We reversed and remanded for trial. Johnson v. Thoni Oil Magic Benzol Gas Stations, Inc., Ky., 467 S.W.2d 772 (1971).

In the original action appellee alleged in substance that appellant was negligent in failing to provide her decedent with a safe place to work, failing to train him in a safe method of conducting the business and in failing to provide sufficient aid and help for his safety and protection.

The complaint was dismissed for failure to state a claim with leave to amend. An amended complaint was filed which alleged specific areas of negligence including the failure to furnish adequate lighting, failure to furnish a telephone and cash register at the station, failure to instruct the decedent in means of protection and failure to furnish a firearm or fellow attendant.

The complaint as amended was also dismissed on the ground that it failed to state a claim.

On the issue of negligence of appellant, we are confronted at the outset by appellee's contention that the evidence abundantly established the specific allegations of negligence set forth in the amended complaint. Appellee claims it is the law of this case that the *amended* complaint states a claim, and having proved the allegations of the amended complaint, the judgment in her favor should not be disturbed.

The appellee is mistaken in her assessment of the law of the case. The opinion in Johnson v. Thoni Oil Magic Benzol Gas Stations, Inc., supra, simply stands for the proposition that in some circumstances an

employer may be liable in damages to the estate of a murdered employee. It held that the original complaint, *without amendment,* sufficiently stated a claim in the sense that it gave fair notice of the basis of the claim. The claim of course must be established and there was no holding that proof of the specific acts alleged in the amendment would be sufficient to establish the claim.

The substance of the claim is that the failure of appellant to provide a safe place to work subjected the decedent to unreasonable exposure to criminal acts of third persons.

▇▇▇ In the ordinary situation we indulge the assumption that people will obey the law rather than violate it. Thus, absent unusual circumstances, an employer need not anticipate injury to an employee through the criminal acts of third persons. In the ordinary situation an employer has no duty to provide police protection for employees. Kelly v. Shelby R. Co., Ky., 22 S.W. 445 (1893); Lewis' Adm'r v. Taylor Coal Co., 112 Ky. 845, 66 S.W. 1044 (1902); Louisville Railway Co. v. Logan, 306 Ky. 35, 206 S.W.2d 80 (1947); see annotation, Employer's Liability—Assault, 9 A.L.R.3rd 517.

In spite of police protection afforded by the state it is a fact of life that citizens are sometimes assaulted, beaten, robbed, raped or murdered at home, at work or on the streets. This is a problem which confronts all citizens equally and for which there is often no civil relief.

With our opinion in Johnson v. Thoni Oil Magic Benzol Gas Stations, Inc., supra, we have joined the ranks of those jurisdictions which hold that in certain unusual circumstances an employer may have a civil liability to his employees for the criminal acts of third persons. We feel however that employers should not be saddled with such liability except in the most extraordinary and highly unusual circumstances.

When the conditions of employment are such that they invite attack upon employees by creating highly unusual and unreasonable exposure to danger without the employment of reasonable protective measures there is justification for imposing liability upon the employer when injury results.

There is perhaps some exposure to the criminal acts of third persons in any employment but we recognize that the degree of exposure varies considerably from one type of employment to another. Thus the bookkeeper, the industrial worker, or the clerk in a mercantile establishment is probably less likely to be murdered on the job than is the policeman, the night watchman, the teller in a branch bank or the attendant at an all-night service station.

But even so, the employer of the night watchman, the bank teller, or the service station attendant is not the insurer of his safety from attack. Even in those occupations which ordinarily entail a substantial risk of exposure to criminal acts of third persons, we think liability should not attach to the employer unless it is clearly shown that the employer in some manner greatly and unreasonably increased that risk without taking reasonable precautions for the safety of the employee.

The determination of when the exposure to harm has been escalated to the point that liability will attach is difficult and each case must rest upon its own facts. We stress however that evidence of some potential danger or possibility of harm is not enough. It is only when the risk reaches the stage that injury to the employee is the likely or probable result of the condition of employment that liability attaches.

Appellee relies upon Lillie v. Thompson, 332 U.S. 459, 68 S.Ct. 140, 92 L.Ed. 73 (1947). In that case a female employee of the St. Louis-San Francisco Railway Company was assigned to work in a one-room frame building in an isolated section of her

**358**

employer's railroad yard in Memphis, Tennessee, between the hours of 11:30 P.M. and 7:30 A.M. She was required to admit railroad messengers at irregular intervals throughout the night but the construction of the building prevented her from seeing the persons seeking admission until she had opened the door. A person whom she erroneously thought to be a railroad messenger was admitted to the building and she was severely beaten and sustained permanent injuries. In other cases it has been held to be a basis of liability that the employee was required to work until late hours at night at a railroad depot in an isolated part of the city in an unlighted area which was known to be frequented by hobos and dangerous persons. Atlantic Coast Line Railway Co. v. Godard, 211 Ga. 373, 86 S.E.2d 311 (1955); Rivera v. Atchison T. & S. Fe Co., 61 N.M. 314, 299 P.2d 1090 (1956).

The facts of this case are not comparable. Here the service station was on a main street, it was within the city limits and was regularly patrolled by police and it was sufficiently lighted to permit the conduct of the business although there was complaint about the adequacy of the lighting.

The majority of this court feel that as a matter of law the conditions of the employment were not so fraught with danger as to render a crime against the employee a likelihood or a probability and the issue should not have been submitted to the jury. The appellant was entitled to a directed verdict. He properly preserved the matter through his motion for judgment notwithstanding the verdict.

This disposition of the issue of negligence makes it unnecessary to consider the question of proximate causation raised by appellant or the question of inadequacy of damages presented on the cross-appeal.

The judgment is affirmed on the cross-appeal and reversed on the appeal with directions that a new judgment be entered dismissing the action.

STEINFELD, C. J., and PALMORE, OSBORNE, NEIKIRK, MILLIKEN and EDWARD P. HILL, Jr., JJ., concur.

REED, J., dissents.