**Marcus L. RAY, Appellant,**

v.

**HARDEE'S FOOD SYSTEMS, INC. d/b/a Hardee's, Appellee.**

No. 89–CA–0832–S.

Court of Appeals of Kentucky.

Feb. 2, 1990.

Discretionary Review Denied by Supreme Court April 18, 1990.

Dennis J. Hummel, Kevin P. Kinney, Hummel & Coan, Louisville, for appellant.

Irvin Abell, III, Mary Ross Terry, Rudy Bisciotti, Brown, Todd & Heyburn, Louisville, for appellee.

Before HOWERTON, C.J., and GUDGEL and MILLER, JJ.

MILLER, Judge.

This is an appeal from a summary judgment entered in the Jefferson Circuit Court.

Marcus L. Ray was shot while working at a restaurant owned by appellee, Hardee's Food Systems, Inc., d/b/a Hardee's (hereinafter referred to as "Hardee's".) Approximately five minutes before the arrival of the assailant, Roger Payne, Sue Bratcher, an off-duty Hardee's employee, telephoned the restaurant and spoke with Kim McCarty, the shift supervisor. From this point, testimony of the witnesses varies considerably. Bratcher testified she told McCarty "Roger is coming to kill Marcus" and "I think he will have a gun." McCarty testified Bratcher simply stated "Someone is going to kick Marcus' butt."

McCarty stated she related this information to Marcus and offered to let him leave. Marcus testified she did not give him permission to leave. The Hardee's policy manual provides that the local police department should be summoned immediately whenever there are "threats of violence or disturbances of peace." Apparently, the police were not summoned until after Marcus was injured.

He instituted this common law action alleging the negligence of Hardee's agent (McCarty) was a substantial causative factor of his injuries in that McCarty failed to comply with the operations policy thereby depriving him of adequate protection against Payne. He sought compensatory and punitive damages.[1] The trial court initially overruled Hardee's motion for summary judgment, but upon motion for reconsideration granted same, citing *Thoni Oil Magic Benzol Gas Stations, Inc. v. Johnson*, Ky., 488 S.W.2d 355 (1972) (Thoni Oil II). Viewing the evidence most favorably to Marcus, we think there was sufficient evidence to put Hardee's to its proof as to precisely what information was received as to the impending disaster and whether it followed its own rules promulgated for employee safety. The *Thoni* case is not squarely in point. It did not involve an impending threat of harm and steps required to be taken pursuant to company rules relative to employee safety. *Thoni* was a safe-place-to-work case premised solely upon the well-known common law rule that an employer owes his employee a reasonably safe place to work. *See Big Sandy & C.R. Co. v. Measell's Adm'r*, 240 Ky. 571, 42 S.W.2d 747 (1931). It was contended in *Thoni* that a lone nighttime service station attendant was afforded an unsafe place to work because of the station's location in a crime area without proper lighting, nor a telephone or cash register. The allegations in the case *sub judice* charged more than the mere failure to provide a safe place to work. Rather, this case is premised upon Hardee's failure to provide a safe place to work by not enforcing its own rules promulgated for employee

safety. That violation of safety rules may properly be considered in a negligence action by an employee against his employer was long ago established. In *Chesapeake & O. Ry. Co. v. Wiley*, 134 Ky. 461, 121 S.W. 402 (1909), a case alleging failure of the railroad to comply with its rules pertaining to safe construction, O'Rear, J., stated:

> It has been so often decided by this court that the rules governing the conduct of a business may be read in a suit between the employer and employe by either party, when the injured party is suing to recover for injuries inflicted because of the violation or nonobservance of the rule, and was himself in a service and performing work in the sphere of the operation of the rule, that we deem it no longer an unsettled question.

*Id.* 121 S.W. at 403.

For the foregoing reasons, the judgment of the Jefferson Circuit Court is reversed, and this cause is remanded for proceedings consistent with this opinion.

All concur.

---

1. The parties agree the Kentucky Workers' Compensation Act (Kentucky Revised Statutes Chapter 342) is no bar to this action, for reason that the injuries alleged by appellant were not received in the course of his employment.