This case involves an action brought by an employee against her employer alleging that the employer failed to provide her with a safe place to work in that she was not adequately protected from the criminal acts of third persons. Summary judgment was granted for the defendant.
Shirley Parham was employed by Tom Taylor, d/b/a Taylor's Beverages to serve as a clerk in his store which sold alcoholic beverages. The store is located in a lighted area on Memorial Parkway in the City of Huntsville, Alabama. Memorial Parkway is a main thoroughfare which is patrolled by the Huntsville police.
Shortly after 10:00 p.m. on May 4, 1979, a robbery occurred at Taylor's Beverages and Shirley Parham was shot. She stated that she was standing by the beer cooler when a black male grabbed her by the arm and turned her around, and told her to give him the money. She told the offender, "You're kidding, there is a police car across the street." The offender shot her.
The affidavit of Judy Madison, a co-employee, was to the effect that she had discussed a previous robbery at Taylor's Beverages with Shirley Parham and they had been instructed by the owner what to do in the event an attempted robbery occurred. It is not clear from the record exactly how many previous robberies or attempted robberies had occurred at this place of business.
The owner of Taylor's Beverages stated in his affidavit that he had instructed Shirley concerning attempted robberies. He stated the instructions were to keep the cash register "thinned at all times" and to remain alert. Should anything suspicious occur, she should call the police. He told her not to resist, but to do as the robber requested.
In Count I of her complaint she alleged that as a proximate result of Taylor's failure to provide a safe place to work she sustained injuries for which she claimed damages in the amount of $500,000.00. In Count II, Parham alleged she was due to be compensated for her injuries under the Workmen's Compensation laws. The trial judge granted Taylor's motion for summary judgment as to Count II when Taylor established by way of affidavit that he employed less than three persons and was therefore not subject to the Workmen's Compensation Act. Parham then amended her complaint to include Count III wherein she alleged that
 [b]y hiring said plaintiff, the defendant entered into an employment contract wherein he assumed duties of an employer as such under Alabama law and as such assumed the protection of his employees from adverse, criminal or civil action.
She further alleged that Taylor breached this contract when he failed to provide either a safe place to work or adequate means for Parham to protect herself from *Page 886 
attack. Taylor moved for and was granted summary judgment on Count I and III.
We note at the outset that Parham's brief is addressed solely to the question of Taylor's liability under a negligence theory. Since Parham has not questioned the trial judge's grant of summary judgment on her contract claim, we need not address that issue.
Outside of the Workmen's Compensation law this case seems to be one of first impression. Kelly v. Dupree, 376 So.2d 1371
(Ala. 1979).
As a general rule, in the absence of special relationships or circumstances, a private person has no duty to protect another from a criminal attack by a third person. 10 A.L.R.3d 619.
Some cases recognize a special circumstance in instances of employment. See the leading case of Lillie v. Thompson,332 U.S. 459, 68 S.Ct. 140; 92 L.Ed. 73 (1947).
In Thoni Oil Magic Benzol Gas Stations, Inc. v. Johnson,488 S.W.2d 355 (Ky. 1972), the Kentucky Court of Appeals was presented with a situation very similar to the one presently before this Court. In that case, a gas station attendant was robbed and killed while working at night at a station located on a principal city thoroughfare patrolled hourly by city police. Addressing the issue of liability, the Court stated:
 In the ordinary situation we indulge the assumption that people will obey the law rather than violate it. Thus, absent unusual circumstances, an employer need not anticipate injury to an employee through the criminal acts of third persons. In the ordinary situation an employer has no duty to provide police protection for employees. * * * *
 In spite of police protection afforded by the state it is a fact of life that citizens are sometimes assaulted, beaten, robbed, raped or murdered at home, at work or on the streets. This is a problem which confronts all citizens equally and for which there is often no civil remedy.
 With our opinion in Johnson v. Thoni Oil Magic Benzol Gas Stations, Inc., [467 S.W.2d 772
(Ky. 1971)], we have joined the ranks of those jurisdictions which hold that in certain unusual circumstances an employer may have a civil liability to his employees for the criminal acts of third persons. We feel however that employers should not be saddled with such liability except in the most extraordinary and highly unusual circumstances.
 When conditions of employment are such that they invite attack upon employees by creating highly unusual and unreasonable exposure to danger without the employment of reasonable protective measures there is justification for imposing liability upon the employer when injury results.
 There is perhaps some exposure to the criminal acts of third persons in any employment but we recognize that the degree of exposure varies considerably from one type of employment to another. Thus the bookkeeper, the industrial worker, or the clerk in a mercantile establishment is probably less likely to be murdered on the job than is the policeman, the night watchman, the teller in a branch bank or the attendant at an all-night service station.
 But even so, the employer of the night watchman, the bank teller, or the service station attendant is not the insurer of his safety from attack. Even in those occupations which ordinarily entail a substantial risk of exposure to criminal acts of third persons, we think liability should not attach to the employer unless it is clearly shown that the employer in some manner greatly and unreasonably increased that risk without taking reasonable precautions for the safety of the employee.
 The determination of when the exposure to harm has been escalated to the point that liability will attach is difficult and each case must rest upon its own facts. We stress however that evidence of some potential danger or possibility of harm is not enough. It is only when the risk reaches the stage that injury to the *Page 887 
employee is the likely or probable result of the condition of employment that liability attaches.
488 S.W.2d at 357 (citations omitted). The court then held that "as a matter of law the conditions of the employment were not so fraught with danger as to render a crime against the employee a likelihood or a probability and the issue should not have been submitted to the jury." 488 S.W.2d at 358.
We agree with the rationale of the Thoni Oil case and reemphasize that an action such as this will not lie except in the most extreme case where it is clearly shown that the employer in some manner, greatly and unreasonably, increased the risk to the employee without taking reasonable safety precautions.
From the cases we have reviewed it is clear that the defenses of contributory negligence and assumption of risk are available when appropriate.
Applying what we have said to the facts of this case we conclude that the employer is not liable as a matter of law and the trial court correctly granted summary judgment for the defendant. The judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur.