420 So.2d 37 (1982)
Patsy GASKIN
v.
REPUBLIC STEEL CORPORATION.
81-9.
Supreme Court of Alabama.
September 24, 1982.
*38 Clarence F. Rhea and Donald R. Rhea of Rhea, Boyd & Rhea, Gadsden, for appellant.
Roger C. Suttle of Inzer, Suttle, Swann & Stivender, Gadsden, for appellee.
ALMON, Justice.
Patsy Gaskin (Gaskin) appeals from a summary judgment on her action against Republic Steel Corporation (Republic).
Gaskin is an employee of Republic at its Gadsden, Alabama, plant. On October 4, 1979, after receiving permission to leave work early, Gaskin proceeded to the bathhouse on the premises of Republic's plant. While she was proceeding to the bathhouse, another employee of Republic, Gerald Faulkner, saw her and followed her. Once she was in the shower he attacked her and attempted to rape her. Her screams frightened him away but other plant employees soon apprehended him while still on the plant premises.
Gaskin filed this action against her assailant Faulkner and against Republic. Republic's motion for separate trials of the claims against it and of the claim against Faulkner was granted. Rule 42(b), A.R.C.P. Only the action against Republic is before this Court on this appeal.
Gaskin based her action against Republic upon the following paragraph of her complaint:
"5. The defendant corporation's shower area for females is located adjacent to the showers provided for male employees and is in the immediate vicinity of plant facilities where male employees are working. Said shower area is not protected, not properly guarded, and no locks are available to secure the privacy of employees dressing or undressing or showering, the shower stalls are without doors, and the said facilities are maintained and owned by the defendant corporation."
She alleged physical and emotional injuries "all as a proximate consequence of the negligence and wanton misconduct of the defendant corporation for failure to provide a safe and adequate place for plaintiff to work and shower," concurring with the misconduct of Faulkner.
Republic answered in part:
"3. The bathhouse facility provided by Defendant for use of female employees is located in the same general area of the bathhouse facilities provided for use of male employees, but the female bathhouse facility is properly identified and marked by signs for use by women. The entranceway to said female bathhouse facility is separate and distinct from the entranceway to the male bathhouse facilities and can only be used by persons having reason to enter the female bathhouse facility. There is a single doorway leading into the female bathhouse facility which door may or may not be closed as desired. Said female bathhouse facility may or may not be used at the option of the female employee, but is made available for use of all female employees of this Defendant free of charge. This Defendant has no duty or obligation to station guards at the entrance to said female bathhouse facility or to place locks on the door. This Defendant denies all other averments contained in Paragraph 5."
After other pleadings and affidavits the court granted summary judgment for Republic and denied Gaskin's motion to set aside the order granting summary judgment.
*39 Gaskin bases her argument on appeal on Parham v. Taylor, 402 So.2d 884 (Ala.1981), and the case relied upon therein, Thoni Oil Magic Benzol Gas Stations, Inc. v. Johnson, 488 S.W.2d 355 (Ky.1972). In Parham this Court affirmed summary judgment for defendant employer, holding that the employer was not liable on the theory that he failed to adequately protect his employee from criminal assault. Gaskin seeks to distinguish Parham on the facts.
We find that the trial court correctly granted summary judgment for Republic. The test set out in Parham for imposing liability on an employer for assaults by third parties on his employees is
"that an action such as this will not lie except in the most extreme case where it is clearly shown that the employer in some manner, greatly and unreasonably, increased the risk to the employee without taking reasonable safety precautions."
Parham v. Taylor, 402 So.2d 884, 887 (Ala. 1981).
The shower maintained by Republic did not greatly and unreasonably increase the risk of harm to its female employees. These are not the extreme circumstances alluded to in Parham.
Republic states in its brief that Gaskin conceded that she had no cause of action under workmen's compensation statutes, and no contention in that regard is presented to this Court.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C. J., and EMBRY, J., concur.
FAULKNER and ADAMS, JJ., concur in the result.