This is an appeal from a summary judgment granted in favor of City National Bank of Birmingham (hereinafter the bank).
Mr. Berdeaux filed a complaint alleging negligence and wantonness by the bank in the maintenance, operation, or control of its premises known as the Oxmoor Road Branch of the City National Bank of Birmingham.
Mr. Berdeaux entered the bank on October 5, 1979, to make a payment on a loan *Page 595 
which he owed to City National Bank of Birmingham and to make a deposit. While he was inside the bank, three people robbed the bank and, during the course of the robbery, Mr. Berdeaux was shot by one or more of the robbers.
The bank did not have a security guard on the premises at the time. The sequence video tape cameras and an alarm system to local police were the only security measures in existence.
Both parties agree that Mr. Berdeaux was a business invitee of the bank and was conducting banking business at the time of his injury.
On appeal, Mr. Berdeaux states the issue as follows: Do financial institutions in the business of transacting business by providing an office to pay and receive currency to a customer have a duty to protect customers from third persons who attempt armed robbery of the institution?
He acknowledges that this is a case of first impression in Alabama and concedes, as he must, that other states which have considered the issue have rejected various theories of liability. See annotation at 51 A.L.R.3d 711 (1971), and, particularly, Altepeter v. Virgil State Bank, 345 Ill. App. 585,104 N.E.2d 334 (1952); and Nigido v. First National Bank,264 Md. 702, 288 A.2d 127 (1972).
Mr. Berdeaux also concedes that, as a general rule, in the absence of a special relationship or circumstances, a private person has no duty to protect another from a criminal attack by a third person. Parham v. Taylor, 402 So.2d 884 (Ala. 1981). He likewise concedes that there is no liability on the part of the bank for the criminal act of a third person when tested by the traditional rule governing the duty of a proprietor to a business invitee. Rather, he asks this Court to adopt a rule which imposes a special duty on the banking industry to protect its customers from injury at the hands of criminal intruders who, he says, are drawn to banks because of their remote locations (branch banks) and the availability of large sums of cash. In support of this argument, the appellant asks us to take judicial notice of the proliferation of branch banking in Alabama and the fact that technology has brought "TV" tellers and twenty-four hour money vending machines, all of which should be considered by the banks and which compels greater security to deter criminals, whom he says the banks indirectly invite by the establishment of branches and other modern banking procedures.
We decline to adopt a rule of "special duty" owed only by the banking industry to its customers.
We are sympathetic with Mr. Berdeaux and do not doubt that he has suffered severe injury and has sustained great damage, but we cannot agree that redress should come by rewriting the law of torts. Whether the revolution in the banking industry justifies a different standard of care, we cannot say. To be able to answer that question would require data that a court is ill equipped to gather, but which the legislature is especially capable of assessing. The issue itself presents a policy matter peculiarly within the province of the legislative as opposed to the judicial branch of government. Not all problems of a complex society can be solved in civil litigation and, while courts do not and should not shrink from performing their constitutional duty, they do and should leave to the executive and legislative branches matters requiring resolution in the body politic.
The trial court did not err in granting summary judgment in favor of the bank under the undisputed facts of this case. Its judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur. *Page 596