This is an appeal from a summary judgment granted by the Circuit Court of Escambia County to Allied Foundry and Machinery Company (Allied), Brewton, Alabama, in a negligence action. We affirm.
In 1981, Robert L. Watts and Milton C. Doss were inmates at the Fountain Correctional Facility, Atmore, Alabama. Prior to and on November 10-11, 1981, Watts and Doss were engaged in the prison's "work release program," through which they were employed by Allied. Watts and Doss were working the third shift at Allied on November 10-11, 1981, and were scheduled to be on duty from 11:00 p.m. on November 10, 1981, to 7:00 a.m. on November 11, 1981.
Betty Lou Roberson is the manager of the Delta Mart, a convenience store in Brewton located approximately 100 yards from the Allied plant. It can be seen from the plant both day and night. On the night of November 10-11, 1981, Mrs. Roberson was working as the cashier at Delta Mart. She came to work at 2:00 a.m. and was the only employee at the store during her shift.
Watts and Doss left the Allied premises and walked over to the Delta Mart three times during the night of November 10-11, 1981. On the first trip, shortly after 2:00 a.m., Watts and Doss merely bought a cup of coffee and left the premises. About twenty-five minutes later, Watts and Doss returned to the Delta Mart, bought some wine and left again. On their third trip, about thirty minutes after their second trip, Watts and Doss entered the store, robbed Mrs. Roberson, assaulted her, causing serious physical injuries, and attempted to rape her.
Watts and Doss fled from the store when two customers arrived and attempted to stop the attack. The customers called the police, and Watts and Doss were apprehended at the Allied plant shortly after the incident.
There is evidence that several officials at Allied, including the supervisors of Watts and Doss, knew, or were highly suspicious, that Watts and Doss were drinking intoxicants on the night of the incident. Also, there is evidence that Allied officials had reason to believe that Watts and Doss had, on previous occasions, drunk intoxicants while on the job. It is also shown that Allied officials allowed work release inmates, including Watts and Doss, to leave the Allied premises during break time, in keeping with company policy for all employees.
On January 19, 1982, Mrs. Roberson filed a four-count complaint against Watts, Doss, and Allied. This appeal concerns only Count Three, which alleges a cause of action against Allied for negligent supervision of the work release employees.
On April 7, 1982, Allied filed a motion to dismiss, or, in the alternative, a motion for summary judgment as to Count Three. The relevant part of Allied's motion states (1) that the torts of Watts and Doss were not foreseeable by Allied; (2) that Allied owed no special duty to Mrs. Roberson because Watts and Doss were work release inmates; (3) that the acts of Watts and *Page 722 
Doss were intervening, independent, and efficient causes of Mrs. Roberson's injuries; (4) that no employer-employee relationship existed between Watts and Doss and Allied; and (5) that, as a matter of law, Allied had no duty, right, or privilege to restrain Watts and Doss for the purpose of protecting the general public.
Mrs. Roberson filed a response to Allied's motion, stating (1) that Allied had failed to establish the absence of any triable issue of material fact, (2) that the evidence before the court showed there was an issue of material fact as to whether Allied was negligent, and (3) that Allied was not entitled to summary dismissal or judgment since there was a triable issue of material fact. Mrs. Roberson submitted evidence to the court in support of her position, including depositions, an affidavit, answers to interrogatories and various other documents.
A hearing was held on Allied's motions, and on March 10, 1983, the trial court granted summary judgment in Allied's favor. The judgment provided that there was no genuine issue of material fact as to Count Three, as last amended, and that Allied was entitled to a judgment as a matter of law. Mrs. Roberson is before this court, on appeal, arguing that the trial court erred in granting Allied's motion for summary judgment. Mrs. Roberson asserts that Allied had a duty to supervise its employees who were state inmates so as to protect her from the criminal actions of those employees. She argues that Allied breached this duty and is liable for the injuries received by her as a result thereof.
This is a case of first impression in Alabama and, so far as our research reveals, has never been addressed in the United States.[1] The threshold question is whether an employer owes a duty to protect third persons from the criminal acts of state work release employees.
Mrs. Roberson argues that a special relationship exists between an employer and his work release employees by virtue of the fact that they are state inmates, with criminal propensities; she argues that as such inmates they require special supervision by the employer. Mrs. Roberson would have the court adopt a rule of "special duty" on the part of employers who employ work release inmates to supervise and control those employees outside the scope of their employment. This we are not prepared to do.
Work release inmates are certified to the employer by the State Board of Corrections to be "non-dangerous." Also, employers are instructed by the Board to treat work release employees in the same manner as other employees and to apply the same policies with them as with other employees. Except with regard to a few restrictions imposed by the Board on employers and work release employees, those employees stand in the same relationship with their employers as non-inmate employees. We cannot justify a finding of a special relationship in this case on the bare fact that work release employees are state inmates.
There is no authority in Alabama addressing the specific question at hand. However, our decision seems to be in keeping *Page 723 
with recent decisions in Alabama, following the general rule that one has no duty to protect another from criminal attack by a third party. See Berdeaux v. City National Bank,424 So.2d 594 (Ala. 1982) (bank owes no duty to protect customer from injury during armed robbery); Gaskin v. Republic SteelCorporation, 420 So.2d 37 (Ala. 1982) (employer owes no duty to protect employee from attack by third party on employee's premises); Parham v. Taylor, 402 So.2d 884 (Ala. 1981) (employer owes no duty to protect employee from criminal acts of third parties on employer's premises).
We are sympathetic with Mrs. Roberson and understand that she has suffered severe injury. We cannot agree, however, that she should be compensated by rewriting the law of torts. Finding no authority or justification for the premise that a special relationship exists between Allied and its work release employees sufficient to impose a duty on Allied to supervise these employees outside the scope of their employment, we hold that no such duty exists in this case. The trial court's decision granting summary judgment to Allied was therefore not in error, and is, thus, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
[1] A very few cases have dealt with the issue of the employer's duty to control the actions of his employee outside the scope of employment. See Fletcher v. Baltimore and Potomac R.R. Co.,168 U.S. 135, 18 S.Ct. 35, 42 L.Ed. 411 (1897) (employer railroad company who knows employees are throwing objects off its trains has duty to restrain employees to protect general public from injury); International Distrib. Corp. v. AmericanDist. Tel., 569 F.2d 136 (D.C. Cir. 1977) (employer has duty to supervise conduct of its employees who are privileged, because of their employment, to enter property of another); S. Birch Sons v. Martin, 244 F.2d 556 (9th Cir. 1957) (highway construction company had no duty to protect passing motorists from injury by its employees celebrating end of construction);Trammell v. Ramey, 231 Ark. 260, 329 S.W.2d 153 (1959) (employer has no duty to control drunk employee on his own mission, even though employer knew of and helped employee with treatment of his drinking problem); Hogle v. H.H. Franklin Mfg.Co., 199 N.Y. 388, 92 N.E. 794 (1910) (employer who knows employees are throwing missiles out factory window has duty to restraint employees to protect passers-by from injury). We have found no case that deals with an employer's duty to control the actions of a work release employee in particular outside the scope of his employment.