This is an action for damages filed by a security guard against his co-employees and the owner of the premises he was guarding. Plaintiff, Craig A. Simpson, suffered injuries from gunshot wounds while he was performing his duties as a security guard. He sued Wolf Ridge Corporation, which owned the premises, and five individuals who were his co-employees working for Security Engineers, Inc. The trial court granted a motion for summary judgment for Wolf Ridge, a motion to dismiss or for summary judgment for one co-employee defendant, and motions for judgment on the pleadings for the remaining co-employee defendants.
Simpson argues that it was error to grant summary judgment for Wolf Ridge because, he says, the case should fit within an exception to the general rule that an employer is not liable for injuries caused by the criminal acts of third parties.Parham v. Taylor, 402 So.2d 884 (Ala. 1981); Henley v. PizitzRealty Co., 456 So.2d 272 (Ala. 1984). The exception, which Simpson argues was at least implicitly recognized in Parham andHenley, would allow liability where an employer (1) employs the plaintiff under conditions that invite attack (i.e., an attack would be foreseeable); (2) greatly and unreasonably increases the risk of harm to the employee; and (3) fails to take adequate safety precautions. Simpson argues that Wolf Ridge, by virtue of its contract with Security Engineers for night watchmen on its premises, stands in the shoes of an employer in this case. In view of our holding, we need not reach this issue.
The premises being guarded included three buildings: a large manufacturing building, a small warehouse, and a small office building. The manufacturing building and the warehouse were inside a fence, but the small office building was outside the fence. Wolf Ridge had a tenant in the building until November 30, 1982. Wolf Ridge retained the tenant's contract with Security Engineers to provide 24-hour guards for the empty buildings. When the tenant left, Alabama Power Company discontinued the electricity service to the premises.
Security Engineers notified Wolf Ridge that there were no lights in the buildings. An officer of Wolf Ridge requested that Alabama Power resume electricity service to the main manufacturing building. Power was restored to the buildings inside the fence, but not to the small office building. *Page 420 
On the night of December 10, 1982, Simpson was on duty at the premises. He was required to inspect each building periodically. As he was leaving the small office building after an inspection, a man with a shotgun came out of a dark area around the corner of the building. The man forced Simpson back into the dark area from which the man had come and told Simpson to lie down on his face. The man demanded to know what was in the buildings. When Simpson told him there was nothing in the buildings, he heard the hammer of the shotgun click back. He started to roll out of the way and the assailant fired the gun, hitting Simpson in the right arm. Simpson broke free and ran across the road for help.
Simpson argues that the area in question is a high-crime district of the City of Prichard, and, thus, that the first requirement for the exception he requests is present. He argues further that Wolf Ridge's failure to prevent Alabama Power from turning off the electricity greatly and unreasonably increased his risk of injury and that Wolf Ridge's decision not to resume the electricity service at the small office building constituted a failure to take reasonable safety precautions.
The Parham and Henley cases, and other recent cases on the subject, do contain language leaving open the possibility of an exception such as that argued for by Simpson. Law v. OmeletteShop, Inc., 481 So.2d 370 (Ala. 1985); Ortell v. SpencerCompanies, Inc., 477 So.2d 299 (Ala. 1985); Latham v. AronovRealty Co., 435 So.2d 209 (Ala. 1983); Gaskin v. Republic SteelCorp., 420 So.2d 37 (Ala. 1982); City of Mobile v. Largay,346 So.2d 393 (Ala. 1977); but see Berdeaux v. City National Bankof Birmingham, 424 So.2d 594 (Ala. 1982).
The cases emphasize that an action will not lie
 "except in the most extreme case where it is clearly shown that the employer in some manner, greatly and unreasonably, increased the risk to the employee without taking reasonable safety precautions."
Parham, supra, at 887; Henley, supra, at 275; Gaskin, supra, at 39. Some of the cases speak in terms of foreseeability, but we deem this aspect of the test to be merely the first part of the test as set out by Simpson. Latham, supra; City of Mobile v.Largay, supra.
The trial court did not err in granting summary judgment for Wolf Ridge. No prior crimes had occurred on the premises, and the buildings were empty, so an armed attack was not reasonably foreseeable. Wolf Ridge did not greatly and unreasonably increase the risk; the cessation of electricity service resulted from the termination of the tenant's service with Alabama Power, not from some act of Wolf Ridge's. As soon as it learned of the situation, Wolf Ridge took steps to have lights turned on at the main buildings, including outside lights. Failure to return all of the lights to service does not make Wolf Ridge's safety precautions unreasonable.
While reasonableness is normally a fact question for the jury, recovery is sought here under an exception to the rule of non-liability — an exception which is to be granted only in "the most extreme case." Because even the facts alleged by Simpson show that Wolf Ridge was not responsible for termination of electricity service and made a reasonable effort to have it reinstated, the trial court did not err in granting summary judgment, in effect holding "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56 (c), A.R.Civ.P.
Simpson's claim against his co-employees at Security Engineers alleged that they "failed to properly instruct and warn him and failed to supply adequate personnel to guard an open and unlighted premises at night in a high crime district." Defendants Lewis Kirk, Dennis Flowers, Marvin Owens, and James Strickland filed a motion for judgment on the pleadings, which the trial court granted before it held a hearing on Wolf Ridge's motion for summary judgment. Defendant Clarence Worden filed a motion to dismiss or for summary judgment, *Page 421 
which the trial court granted after it held a hearing on Wolf Ridge's motion.
Keeping in mind the above statements that such an action is to be recognized only in the most extreme case, we hold that the trial court did not err in granting the co-employees' motions to dismiss or for judgment on the pleadings. The supervisory employees of his employer should not be held liable for failing to foresee a danger that Simpson would be shot while guarding an empty warehouse, warn him of that danger, and instruct him how to avoid it. For the same reason, requiring two guards would be unreasonable where the purpose of the security contract was simply to protect unoccupied buildings from vandalism, fires, and thefts. The complaint did not state such an extreme case against the co-employees that the trial court is to be held in error for granting these defendants' motions.
For the foregoing reasons, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, BEATTY and HOUSTON, JJ., concur.