This is an appeal by the plaintiff, Clevie Lee Frazier, in her capacity as administratrix of the estate of Lloyd Reese, from a summary judgment entered in favor of certain defendants in her action for the wrongful death of Lloyd Reese. The trial court made its order final under Rule 54(b), A.R.Civ.P. We affirm.
Plaintiff's decedent, Lloyd Reese, was a member of the Laborers International Union of North America, Local No. 559. On May 4, 1983, Reese was shot and killed during an altercation that broke out in an employment line formed for job registration on Local No. 559's premises. Apparently Reese was not involved in the altercation, but was, nevertheless, struck and killed by a stray bullet. Plaintiff brought this wrongful death action, naming as defendants Columbus Lawson, the man who fired the shot; Local No. 559; and eleven of Local No. 559's officers, individually and as agents of Local No. 559. As to these defendants, except Lawson, plaintiff alleged:
 "[They] negligently/wantonly failed to maintain order and provide protection, or control of the conduct of people on their premises after they became aware of the dangerous and highly volatile environment that they had allowed and even encouraged to exist that caused the wrongful death of Lloyd Reese.
 ". . . [They] failed to provide adequate security or protection for [the] union members after they became aware of the highly volatile environment and that they allowed and even encouraged to exist that caused the wrongful death of Lloyd Reese.
 ". . . [They] failed to exercise due care in providing necessary security on their property after they became aware that their practice of having prospective employees line up days before in order to obtain jobs creating a dangerous environment which encouraged violence. Said practice of defendants caused numerous breaches of the peace such as knifings, fights, assaults and batteries, and homicides which had caused injuries before May 4, 1983. Defendants, having knowledge of these facts, failed to take any action to eliminate the peril for [the union's] other members and plaintiff. Defendants' general mode of operation of their premises attract or provide a climate for crime.
 ". . . [They] created and were aware of the conditions of employment such that they invite attack upon the union members by creating highly unusual and unreasonable exposure to danger without the employment of reasonable protective measures.
 ". . . [And they] knowingly and negligently/wantonly failed to provide adequate security at to-wit; 1229 22nd Street, North, Birmingham, Jefferson County, Alabama, and by their mode of operations in employment procedure on their premises attracted and provided a climate for crime which resulted in the assault and battery on Lloyd Reese." *Page 745 
These defendants moved for summary judgment, arguing that they were under no duty to protect plaintiff's decedent from criminal attack. In support of their motion, defendants submitted the affidavits of defendants Willie W. Ball, business manager for Local No. 559, and Joe Nathan Black, secretary-treasurer and assistant business manager for Local No. 559. Both of these defendants stated that due to the nature of their respective duties and responsibilities, each was familiar with and had knowledge of the "practices and methods utilized for registration of members and others in Local No. 559 prior to, and on the date of, the accident made the basis of [this] lawsuit." Those practices and methods were described as follows:
 "On May 4, 1983, and every Wednesday prior to that date, for approximately one year's time, it was customary for local union members to register for jobs. Registration would begin at noon, and the men seeking employment would form a line outside our offices."
Mr. Ball, who was not present on the day of Lloyd Reese's shooting, stated that he had "been present on many occasions preceding the date in question and [could] verify that there [had] been no fights or fist fights, stabbings or gunshots which have caused injury or disruption during this employment procedure." He further stated that, to his knowledge, the police had never been summoned to the Local No. 559 location to quell any major disturbance, fight, or argument, or to respond to a call for medical assistance for someone injured by another person while standing in the registration line. Mr. Ball conceded that there had been arguments among union members while standing in line, but he stated that "these disagreements [had] always been handled amicably and without incident."
Mr. Black, who was present on the day of Lloyd Reese's shooting, stated that he, too, was present on many other preceding Wednesdays, that he had been employed by Local No. 559 for approximately 12 years, and that, to his knowledge, this shooting was the first serious incident that ever occurred in the registration line.
In opposition to the defendants' motion for summary judgment, plaintiff submitted the affidavit of Floyd Reese, brother of the decedent, who is also a member of Local No. 559. Floyd Reese stated that he was present on the date of his brother's shooting, and had been present "on many occasions preceding [that] date." Floyd Reese further stated that he could, therefore,
 "verify that there had been fights or fist rights, and guns have been drawn which have caused injury or disruption during this employment procedure. To my knowledge, the police have been summoned to the Labor Local 559 location to quell these disturbances, fights, arguments, or respond to a call where someone needed medical assistance as a result of any injury inflicted by another while standing in the registration line."
The trial court granted defendants' motion and this appeal followed.
Plaintiff makes two arguments. First, she contends that her decedent, Lloyd Reese, could be considered an employee of the defendants, and that this determination is a question of fact precluding summary judgment. Plaintiff argues that, if Reese was deemed to be an employee, this Court's decision inParham v. Taylor, 402 So.2d 884 (Ala. 1981), would apply to this case. In Parham, this Court followed a decision from the Kentucky Court of Appeals and held:
 " 'When conditions of employment are such that they invite attack upon employees by creating highly unusual and unreasonable exposure to danger without the employment of reasonable protective measures there is justification for imposing liability upon the employer when injury results.' "
402 So.2d at 886. Plaintiff contends that the evidence in this case gives rise to issues of fact under the above test, which was recently reiterated by this Court in Simpson v. Wolf RidgeCorp., 486 So.2d 418, 419 (Ala. 1986). *Page 746 
Plaintiff argues in her brief that Lloyd Reese should be considered an employee of the defendants rather than an invitee because he "paid dues to the union, was a member of the union, obtained employment under their employment procedures and obtained his employment at their premises." However, we have reviewed the record in this case in its entirety and are unable to find any allegation or proof whatsoever that an employer/employee relationship existed between the defendants and the plaintiff's decedent. The law in this jurisdiction is clear that:
 "In deciding whether the employer-employee relationship exists, the deciding factor is the reserved right of control. An employer must reserve the right to direct the actions of the employee in carrying out the work for which the contract of employment was entered. United States Steel Corp. v. Matthews, 261 Ala. 120, 73 So.2d 239. . . ."
Ford v. Mitcham, 53 Ala. App. 102, 105, 298 So.2d 34, 36 (1974). See also Solmica of the Gulf Coast, Inc. v. Braggs, 285 Ala. 396,398, 232 So.2d 638, 640 (1970):
 "For one to be an employee, the other party must retain the right to direct the manner in which the business shall be done, as well as the results to be accomplished, or, in other words, not only what shall be done, but how it shall be done. . . ."
There are no allegations and no proof whatsoever that any of the factors used in deciding the existence of an employer/employee relationship are present in this case. Thus, the duty that we have held applicable to employers, to protect their employees from criminal attacks by third parties, is not applicable to the defendants in this case.
Plaintiff's alternative, yet clearly primary, argument is that the evidence gives rise to genuine issues of fact with respect to whether the defendants had the duty to protect theirinvitees from criminal attack because they "possessed actual or constructive knowledge that criminal activity which could endanger an invitee was a probability. Henley v. Pizitz RealtyCo., 456 So.2d 272, 277 (Ala. 1984)." Ortell v. SpencerCompanies, Inc., 477 So.2d 299 (Ala. 1985). We agree with plaintiff that on these facts her decedent was an invitee and that there is an issue of fact with respect to whether there had, in fact, been any prior serious disturbances, fights, arguments, guns drawn, etc., to which the police had, on occasion, been called to respond. However, even viewing the evidence most favorably to the plaintiff, and taking her evidence as true, it, nevertheless, falls far short of establishing that the occurrence of such criminal activity was a probability. Floyd Reese merely stated in his affidavit that "there have been fights or fist fights, and guns have been drawn [causing] injury or disruption." He makes no mention of "the frequency of criminal incidents which put the defendant on notice and thus created the duty to protect." Henley, supra, at 276.
Because adducing at least a scintilla of evidence of such aprobability of criminal activity is the plaintiff's burden in cases such as these, this Court has found that "it is difficult to impose liability on one person for an intentional criminal act committed by a third person." CIE Service Corp. v. Smith,460 So.2d 1244, 1247 (Ala. 1984). Indeed,
 "This Court has not yet decided a case whose facts command the imposition of such a duty. See, e.g., Henley, supra; Stripling v. Armbrester, 451 So.2d 789 (Ala. 1984); Latham v. Aronov Realty Co., 435 So.2d 209 (Ala. 1983); Berdeaux v. City National Bank of Birmingham, 424 So.2d 594 (Ala. 1982); Parham v. Taylor, 402 So.2d 884 (Ala. 1981); City of Mobile v. Largay, 346 So.2d 393 (Ala. 1977)."
Ortell v. Spencer Companies, Inc., 477 So.2d at 299. Accord,Moye v. A.G. Gaston Motels, Inc., 499 So.2d 1368 (Ala. 1986). This case proves to be no exception. Plaintiff has failed to present even a scintilla of evidence to show that criminal attack was a probability. Absent such a showing, summary judgment *Page 747 
for the defendants was properly entered.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur.