This is an appeal by plaintiff, Mary Elizabeth Lee, from a judgment for the defendant, Otho Shrader, in plaintiff's action for damages based upon premises liability. We affirm.
Plaintiff's complaint named as defendants Shrader, and certain fictitiously named persons,[1] and alleged the following:
 "1. On or about, to-wit: the 1st day of October, 1984, on the residential premises of Defendants, Plaintiff while a guest or invitee of Defendants, and while the Plaintiff was walking on the premises aforesaid, the Defendants negligently or wantonly caused or allowed a watery and dangerous condition to exist on said premises without warning Plaintiff that a dangerous condition existed.
 "2. Defendants were negligent in the following ways:
 "A. Negligent or wanton construction of the area and objects in and around where Plaintiff fell.
 "B. Negligently or wantonly causing or allowing water to be in or on the area where Plaintiff fell.
 "C. Negligently or wantonly maintaining or allowing a trap to exist on the aforesaid premises.
 "D. Negligently or wantonly failing to warn Plaintiff of the hazardous condition as aforesaid."
Allegations of proximately caused injuries followed. To these allegations, defendant Shrader pleaded the general issue and contributory negligence. After discovery, the cause was triedore tenus to the trial court. The evidence disclosed that plaintiff sustained her fall when she slipped in water on the floor of defendant's greenhouse located on the porch of his home. It also showed that, as defendant's domestic employee, she knew it was common for water to be on the floor where plants were watered regularly. She had watered the plants there many times before and had herself spilled *Page 742 
water on the floor. The area was not dark and there was nothing to prevent plaintiff from seeing the water spot in question.
After the hearing, the trial court issued the following order:
 "After considering all of the evidence, this court makes the following findings of fact and conclusions of law:
 "On or about October 1, 1984, the plaintiff was an invitee on the residence premises of the defendant, Otho Shrader. She was also employed by the defendant, and the evidence reflects that the Workmen's Compensation Act is not applicable.
 "The plaintiff fell on said date and sustained some degree of physical injury.
 "The defendant, Otho Shrader, was not guilty of any wantonness on said occasion which proximately caused injury to the plaintiff.
 "Though the plaintiff was an employee of the defendant on said occasion, and the complaint is not couched in terms of a claim under the Employer's Liability Act, Section 25-6-1, et seq., Code of Alabama of 1975, the defendant, in the maintenance of the premises where the plaintiff fell, was guilty of negligence in the maintenance of said premises, whether under the Employer's Liability Act or under common law duty of a landowner to an invitee.
 "However, this court further finds that the plaintiff was herself guilty of negligence which proximately contributed to her own injuries and damages."
Following plaintiffs filing of post-trial motions, including a motion for a new trial, a hearing was held, after which the trial court made additional findings which were incorporated in a subsequent order:
 "This court has, at the insistence of the plaintiff, reviewed the evidence, and, in particular, the testimony of the plaintiff herself, and is of the opinion that the danger complained of was not latent, that the plaintiff had knowledge of the alleged dangerous condition, or in the exercise of reasonable care should have had, and failed to exercise reasonable care for her own safety, which failure directly contributed to the injury and damages of which she complains. This court concludes that the plaintiff was guilty of contributory negligence and is not entitled to recover in this cause."
On this appeal, plaintiff maintains that the trial court erred in the above-quoted finding. Plaintiff's argument is this: Plaintiff was defendant's employee, and thus her cause of action was based upon Code of 1975, § 25-6-1, the Employer's Liability Act, whose pertinent provisions are these:
 "(a) Except as otherwise provided by law, when a personal injury is received by a servant or employee in the service or business of the master or employer, the master or employer is liable to answer in damages to such servant or employee, as if he were a stranger and not engaged in such service or employment, provided such liability is enforced in a court of competent jurisdiction, in the cases following:
 "(1) When the injury is caused by reason of any defect in the condition of the ways, works, machinery or plant connected with or used in the business of the master or employer.
 ". . . . "(b) The master or employer is not liable under this section, if the servant or employee knew of the defect or negligence causing the injury [and] failed in a reasonable time to give information thereof to the master or employer, or to some person superior to himself engaged in the service or employment of the master or employer, unless the master or employer, or such superior, already knew of such defect or negligence, nor is the master or employer liable under subdivision (a)(1) unless the defect therein mentioned arose from, or had not been discovered or remedied, owing to the negligence of the master or employer, or of some person in the service of the master or employer, and intrusted by him with the duty of seeing that the ways, works, *Page 743 
machinery or plant were in proper condition, but in no event shall it be contributory negligence or an assumption of the risk on the part of a servant to remain in the employment of the master or employer after knowledge of the defect or negligence causing the injury, unless he be a servant whose duty it is to remedy the defect or who committed the negligent act causing the injury complained of."
Plaintiff contends that it was error for the trial court to find that plaintiff was contributorily negligent because of her knowledge of the dangerous condition.
Defendant, on the other hand, contends that plaintiff's claim under the Employer's Liability Act was not pleaded and, therefore, raised an issue here not raised at trial. Defendant also argues, alternatively, that the finding of contributory negligence was supported by the ore tenus evidence and is a complete defense under either common law premises liability or the Employer's Liability Act. We agree with that position.
Contributory negligence is a defense under § 25-6-1; Parhamv. Taylor, 402 So.2d 884 (Ala. 1981); Johnson v. Johns ServiceFuneral Parlor, Inc., 240 Ala. 231, 198 So. 357 (1940), and questions of contributory negligence may rest upon facts or inferences from facts within the province of the factfinder to draw. Johnson, supra.
From an examination of the facts, this Court concludes that the trial court was correct. Although plaintiff did not remember watering the plants that day, and did not know whether she or defendant caused the water to be on the floor, it was inferable from the facts that she either caused the condition, knew of its presence, or could have apprised herself of it.
Under these circumstances, this Court cannot hold that the trial court erred in its finding of contributory negligence on the part of plaintiff. Clardy v. Capital City Asphalt Co.,477 So.2d 350 (Ala. 1985).
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur.
[1] Plaintiffs complaint was never amended to substitute the true name for any defendant fictitiously named. See Rule 9(h), A.R.Civ.P. This opinion shall refer to Otho Shrader as "the defendant."