This is an appeal from a summary judgment entered against O.H., a minor, who brought suit by and through his next friend and guardian, T.E.B.
On June 11, 1982, the minor, then 11 years old, was allegedly assaulted and sexually molested near Bayou Bend Apartments by a third party, a former resident of Bayou Bend. The minor, who is mildly mentally retarded, was apparently enticed from the swimming pool of the complex to a wooded area nearby, where the assault occurred. At that time, the minor was living at the complex with his half-sister's father.
The minor filed suit against Ballard Realty, the management company operating Bayou Bend at the time of the assault, and against the owners of Bayou Bend. The plaintiff alleged negligence, wantonness, and fraud in the maintenance of security measures for the protection of the residents. The trial judge granted the defendant's motion for summary judgment, and the plaintiff brings this appeal.
The issue before this Court is whether, under the facts of this case, the defendants owed a duty to protect the plaintiff from this type of attack.
The law applicable to this case is contained mainly in cases that involve storeowners and their duty to customers to prevent third-party attacks. In Ortell v. Spencer Companies,477 So.2d 299 (Ala. 1985), this Court stated:
 "This Court has recognized that a duty may be imposed on a storeowner to take reasonable precautions to protect invitees from criminal attack in the exceptional case where the storeowner possessed actual or constructive knowledge that criminal activity which could endanger an invitee was a probability. Henley v. Pizitz Realty Co., 456 So.2d 272, 277 (Ala. 1984). Nevertheless, we have found that 'it is difficult to impose liability on one person for an intentional criminal act committed by a third person.' CIE Service Corp. v. Smith, 460 So.2d 1244, 1247 (Ala. 1984). This Court has not yet decided a case whose facts command the imposition of such a duty. See, e.g., Henley, supra; Stripling v. Armbrester, 451 So.2d 789 (Ala. 1984); Latham v. Aronov Realty Co., 435 So.2d 209 (Ala. 1983); Berdeaux v. City National Bank of Birmingham, 424 So.2d 594 (Ala. 1982); Parham v. Taylor, 402 So.2d 884 (Ala. 1981); City of Mobile v. Largay, 346 So.2d 393 (Ala. 1977)."
In the case at bar, plaintiff contends that the defendants had actual or constructive knowledge of the danger and that the defendants made misrepresentations concerning the security of the complex.
As to security of the apartments, it appears from the record that some representations were made by employees of Ballard. Apparently, the person with whom the minor was living inquired concerning the history of crime in the area. The security representations that were made in response to this inquiry concerned the frequency of property crimes in the area, and the availability of some type of security person.
The appellant's contention that the defendants had actual or constructive knowledge that criminal activity that would probably endanger an invitee, is based upon the existence of rumors concerning the alleged assailant. The alleged assailant was evicted from Bayou Bend for non-payment of rent and for possession of a marijuana plant. After his eviction, this person spent a significant amount of time in and around the apartment complex, apparently visiting friends. Rumors concerning the alleged assailant's following children around the complex circulated among the residents, but the evidence is not clear regarding the extent of the management's knowledge of these. There was no independent proof presented that the alleged assailant had actually molested other children. The testimony concerning the rumors was the only evidence presented in this regard.
We are of the opinion that the mere existence of rumors and generalized statements concerning security does not create *Page 521 
a duty to protect a party from a sexual assault committed by a third party.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
JONES, SHORES, BEATTY and HOUSTON, JJ., concur.