On April 22, 1987, about 9 p.m., Sue S. Williams drove up to the First Alabama Bank automatic teller machine at the corner of Old Shell Road and University Boulevard in Mobile. After she took her money ($50), receipt, and bank card from the machine, but before she could drive off, a man approached her car window, pointed a gun at her, and grabbed the money from her hand.
Williams sued First Alabama on November 24, 1987,[1] alleging negligence and a wanton failure to provide lighting and security at the automatic teller location. The *Page 27 
trial court granted First Alabama's motion for summary judgment on September 23, 1988. Williams appeals from the summary judgment.
The dispositive issue raised on appeal is whether the defendant bank owed Williams a duty to guard against criminal acts of a third party. We have been reluctant to impose such a duty absent exceptional circumstances:
 "This Court has recognized that a duty may be imposed on a storeowner to take reasonable precautions to protect invitees from criminal attack in the exceptional case where the storeowner possessed actual or constructive knowledge that criminal activity which could endanger an invitee was a probability. Henley v. Pizitz Realty Co., 456 So.2d 272, 277 (Ala. 1984)."
Ortell v. Spencer Companies, Inc., 477 So.2d 299, 299
(Ala. 1985).
Williams, arguing that her case is one of those special instances, points out that there had been similar robberies at that branch on February 18, 1987, and April 13, 1987. While it is true that such prior criminal incidents can indicate knowledge on the part of the owner, they are by no means conclusive:
 "The number and frequency of prior criminal acts at the place where the injury occurred are used in determining whether a particular criminal act was reasonably foreseeable. The number and frequency of prior criminal acts are objective, verifiable criteria. When the number and frequency of crimes on the premises rise, and notice is shown on the part of the owner, then, and only then, would criminal activity become reasonably foreseeable."
Moye v. A.G. Gaston Motels, Inc., 499 So.2d 1368, 1372-73
(Ala. 1986).
As we noted in Childers v. Winn-Dixie Stores, Inc.,514 So.2d 879 (Ala. 1987), we have not yet found the "exceptional case" that warranted the imposition of such a duty. Under these facts, we do not find this to be such a case either.
We have already declined to adopt a "special duty" on the part of the banking industry to its customers in Berdeaux v.City National Bank of Birmingham, 424 So.2d 594 (Ala. 1982). InBerdeaux, the plaintiff was shot by one or more of three robbers when the plaintiff entered the bank to make a loan payment. In affirming a summary judgment for the bank, we stated, "Whether the revolution in the banking industry justifies a different standard of care, we cannot say." 424 So.2d at 595.
We hold that knowledge of two prior incidents, alone, is insufficient to impose a duty on the bank that is otherwise absent, and we affirm the trial court's judgment.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.
[1] Although this case is governed by the "substantial evidence rule," Ala. Code 1975, § 12-21-12, our review of the trial court's ruling in this case does not require analysis of the facts according to that standard.