Six parents of minor sons sued, in separate actions, to establish tort liability and to recover damages from a hotel operator for the criminal acts of a third party directed against their sons. The plaintiffs allege that, as a result of the negligent, wanton, and willful conduct on the part of Overlook Mountain Lodge ("Overlook"), their sons were sexually molested. The trial court entered a summary judgment for Overlook in each case. The plaintiffs appeal; we affirm.
Robert David Mims took the boys (seven boys were mentioned in the six complaints) to Overlook on various dates between September 1990 and June 1991; on these visits, Mims sexually molested the boys. The boys went in variously combined groups to Overlook with Mims. Overlook's records indicate that, on the occasions Mims checked in with the boys, he indicated when registering that he either was alone or was accompanied by one other person.
On review of a summary judgment, we view the evidence in the light most favorable to the nonmovants, in this case the plaintiffs. Viewed in that light, the evidence in this case suggests the following facts: Mims became familiar with the staff at Overlook, but was able to give false information when registering. He always asked for an end room; he was never questioned about his relationship with the boys; and on only one occasion did one of the boys accompany Mims into the office to register. At all other times, the boys who were with Mims would wait in his truck while he registered.
The boys gave testimony about their activities at Overlook, including testimony regarding the following observable behavior: At night, the boys, all minors, drank alcoholic beverages and smoked outside Mims's room. They went to the soft drink vending machine, which was three or four doors from the motel office. When questioned by motel employees about which room they were staying in and the number in their party, the boys replied truthfully. On one occasion, to get back into Mims's room, some of the boys beat on the door of the room loudly enough to provoke a complaint and telephone calls from the office to Mims. Some of the boys went to the *Page 783 
office to get change or towels. In daylight hours, the boys made trips into and out of the room.
The plaintiffs argue that the defendant's failure to verify the information Mims supplied when registering allowed Mims to molest their sons. They also claim that Overlook's failure to investigate the "definitive signs that Mims was endangering the health and safety of the minor boys which were known to be staying with him" was negligent, wanton, and willful, and made it foreseeable that the boys would come to some harm.
The issue before us is whether the plaintiffs presented substantial evidence creating a genuine issue of material fact that would preclude a summary judgment for Overlook. Rule 56, A.R. Civ.P.; § 12-21-12, Ala. Code 1975. "Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989).
"It is difficult to impose liability on one person for an intentional act committed by another." Moye v. A.G. GastonMotels, Inc., 499 So.2d 1368, 1370 (Ala. 1986), quoting CIEService Corp. v. Smith, 460 So.2d 1244, 1247 (Ala. 1984). The difficulty usually arises because, in such a situation, two essential elements of a negligence or wantonness action are absent: duty and proximate cause. Moye, 499 So.2d at 1370. The key to either of these elements is foreseeability. Id.
The first question is whether Overlook had a duty to protect the boys from the criminal actions of a third party. Our cases have established only one exception to the general rule that one has no duty to protect another from the criminal acts of a third party. Thetford v. City of Clanton, 605 So.2d 835, 840
(Ala. 1992); Moye, 499 So.2d at 1371. The duty to protect a second person from the criminal acts of a third person arises only when one's negligence or wantonness creates a situation in which it is foreseeable that a third person will commit criminal conduct that endangers the second person. Thetford v.City of Clanton, 605 So.2d at 835; Moye, supra. "The number and frequency of prior criminal acts at the place where the injury occurred are used in determining whether a particular criminal act was reasonably foreseeable." Moye, 499 So.2d at 1372.
The plaintiffs presented copies of incident or arrest reports involving Overlook, kept by the City of Guntersville Police Department in the regular course of business. These reports reveal that from January 1990 through May 1991, the period during which the boys were molested, 17 incident or arrest reports were issued relating to events at Overlook. Most of these incidents involved thefts from automobiles, boats, rooms, and a vending machine, two were alcohol related, one involved an attempted suicide, and one involved domestic violence.
The plaintiffs also presented an affidavit of Ken Braunstein, a hotel security consultant, who expressed the opinion that Overlook's failure to enforce "safety precautions to prevent sexually explicit, obscene, lewd and lascivious acts from taking place on its premises" led to Mims's victimization of the boys. Braunstein also stated that the circumstances taken together — the drinking, smoking, suspicious method of check-in, frequency of visits and frequency of police calls — are widely known in the hotel/motel industry to be an indication of questionable activity, and, therefore, should have triggered an investigation.
However, the plaintiffs presented no evidence that the Overlook staff saw the plaintiffs' minor sons drinking and smoking. The plaintiffs argue vehemently that Overlook was aware of this activity, that this activity should have indicated to Overlook that something improper was occurring in Mims's room, and that it thus triggered a duty to investigate. The plaintiffs presented no evidence that the boys complained, or otherwise indicated, to any Overlook employee that something was awry in Mims's room. In fact, the boys returned with Mims after they had been molested on previous trips.
The plaintiffs presented evidence indicating that Overlook may have been negligent in tending or policing its parking lot, but they did not present substantial evidence of facts that would make it foreseeable that a *Page 784 
third party would conduct criminal activity in the rooms. Unless the criminal acts of a third party are foreseeable, an innkeeper has no duty to protect another from those acts.Thetford, supra; Moye, supra. Because the plaintiffs failed to present substantial evidence of facts that would make it foreseeable that Mims would commit criminal acts against their sons in the hotel rooms, they failed to present substantial evidence on which we could conclude that Overlook had a duty to protect their sons from Mims's criminal acts. Without substantial evidence of facts creating a duty, the circuit court properly entered the summary judgments.
While we sympathize with the minors and their families, "Not all problems of a complex society can be solved in civil litigation." Berdeaux v. City National Bank of Birmingham,424 So.2d 594, 595 (Ala. 1982). Robert Mims is serving a life sentence in prison for his conduct.
For the foregoing reasons, the judgments are affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, STEAGALL and INGRAM, JJ., concur.