ROBERTSON, Presiding Judge.
The plaintiffs, Jane and John Doe, appeal from a summary judgment for the defendant, McRae’s of Alabama, Inc.
In January 1993, Mrs. Doe and her daughter entered the women’s restroom at the McRae’s store in the Western Hills Mall in Birmingham. Mrs. Doe’s daughter finished using the facility first and left the restroom, leaving Mrs. Doe alone in a stall. When Mrs. Doe exited the stall, she was robbed and sexually assaulted. Thereafter, Jane and John Doe filed a complaint in the Jefferson County Circuit Court, Bessemer Division, alleging that negligent, willful, or wanton conduct on the part of McRae’s had caused the assault. In August 1995, the trial court entered a summary judgment in favor of McRae’s. The trial court’s order stated in part:
“Plaintiffs in this case seek to hold the defendant department store liable for the criminal acts of a third person which occurred on defendant’s premises.
“The Court is of the opinion that, under the undisputed facts of this case, McRae’s is entitled to Summary Judgment.”
The Does appealed to the Alabama Supreme Court, which transferred the appeal to this court pursuant to § 12-2-7, Ala.Code 1975. On appeal, we find the Does’ first issue to be dispositive: whether the criminal acts perpetrated on Jane Doe by the third party were foreseeable.
A summary judgment is proper when “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Rule 56(c)(3), Ala.R.Civ.P. The burden is on the movant to show that there exists no genuine issue of material fact; however, once a party moving for a summary judgment makes a prima facie showing that no genuine issue of material fact exists, then the burden shifts to the nonmovant to rebut the prima facie showing. McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957 (Ala.1992).
After the movant has made a prima facie showing that he is entitled to a judgment as a matter of law, the opposing party must show by substantial evidence that there is a genuine issue of material fact that would require a resolution by a factfinder. Johnson v. Citizens Bank, 582 So.2d 576 (Ala.Civ.App.1991). Substantial evidence is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
“The duty to protect a second person from the criminal acts of a third person arises only when one’s negligence or wantonness creates a situation in which it is foreseeable that a third person will commit criminal conduct that endangers the second person.” E.H. v. Overlook Mountain Lodge, 638 So.2d 781, 783 (Ala.1994) (citing Thetford v. City of Clanton, 605 So.2d 835 (Ala.1992) and Moye v. A.G. Gaston Motels, Inc., 499 So.2d 1368 (Ala.1986)). “Foreseeability does not require *350 that the particular consequence should have been anticipated, but rather that some general harm or consequence could have been anticipated.” Thetford, 605 So.2d at 840. Ordinarily, foreseeability is a question of fact for the jury. Id.
In support of its motion for summary judgment, McRae’s presented evidence showing that there had never been a rape or a robbery committed in its Western Hills Mall store and that shoplifting was the only criminal act known to have occurred in the store. Therefore, McRae’s argued, it did not owe a duty to Mrs. Doe because, it said, the assault was not foreseeable. In opposition to the motion for summary judgment, the Does argued that the assault was foreseeable because of the conditions at the store and because, they said, McRae’s knew that criminal activity had previously occurred at the store. The Does relied on two affidavits and the deposition testimony of two security guards employed by McRae’s to support their argument.
G. David Skinner, who has nine years’ experience as a corporate manager of loss prevention and manager of corporate security for Parisian department store and four years’ experience as a private security consultant specializing in security matters for retail stores, testified by affidavit that he visited the McRae’s store in Western Hills Mall shortly after Mrs. Doe was assaulted. He stated that he found an unlocked rear exit that allowed access to the second-floor restroom area; that extensive renovations were in progress on the second floor; and that heavy plastic sheeting and other construction material and debris “greatly reduced the lighting and visibility” in the second-floor restroom area. Based on his findings, Skinner concluded that, in his opinion, “the existing conditions in and around [the] second floor restroom area were below commonly accepted loss prevention and security practices, thereby creating an opportunity for criminal activity to occur.”
Debi Burger, a private investigator, testified by affidavit that the second-floor restroom area was, in her opinion, “a very dangerous area which would be highly susceptible to criminal activity.”
Juanita Cook, security supervisor at the McRae’s store, testified that she did not have any formal security training and that she felt as if she did not have enough security at the store. Cook also stated that there had been some “gay problems” in the men’s restroom area, but conceded that no one regularly cheeked the men’s restrooms. Other than the “gay problems,” Cook could not recall any specific incidents concerning the second-floor restrooms.
Margaret Beverly, a security guard at the McRae’s store, testified that it was not part of her regular duties to check the second-floor restrooms and that no one had told her to check the restrooms.
The Does argue that the foregoing evidence showed that the attack against Mrs. Doe was foreseeable because, they say, McRae’s was aware of the conditions in and around the second-floor restroom area and had actual knowledge of criminal activity in that area.
We find that the evidence presented by the Does in opposition to the motion for summary judgment establishes by substantial evidence a genuine issue of material fact that requires a resolution by the factfinder.
The summary judgment is reversed and this cause is remanded for further proceedings.
REVERSED AND REMANDED.
MONROE, J., concurs.
THIGPEN, J., concurs in the result.