THIGPEN, Judge,
concurring in the result.
Based upon the limited record before us, I concur in the result because a summary judgment is rarely appropriate in a negligence case. Nunnelee v. City of Decatur, 643 So.2d 543 (Ala.1993). I am constrained, however, to note that, while I am cognizant that our Supreme Court has held that a duty may be imposed on a storeowner in an exceptional case, that Court has also stated that it “ ‘ “has not yet decided a case whose *351 facts command the imposition of such a duty.” ’ ” Dailey v. Housing Authority for Birmingham District, 639 So.2d 1343, 1346 (Ala.1994); O.H. v. Ballard Realty Co., 516 So.2d 519, 520 (Ala.1987); Frazier v. Laborers International Union of North America, Local No. 559, 502 So.2d 743, 746 (Ala.1987); Law v. Omelette Shop, Inc., 481 So.2d 370, 371 (Ala.1985); and Ortell v. Spencer Companies, 477 So.2d 299, 299 (Ala.1985) (citations omitted). Whether this is such an exceptional case remains to be determined.