In the absence of a special relationship or special circumstances, a defendant has no duty to protect a plaintiff from the criminal acts of a third person. N.J. v. GreaterEmanuel Temple Holiness Church, 611 So.2d 1036 (Ala. 1992);Young v. Huntsville Hospital, 595 So.2d 1386 (Ala. 1992); Mortonv. Prescott, 564 So.2d 913 (Ala. 1990); Henley v. Pizitz RealtyCo., 456 So.2d 272 (Ala. 1984); Roberson v. Allied Foundry Machinery Co., 447 So.2d 720 (Ala. 1984).
In this case, no relationship existed between Union State Bank and Bridgette Patrick. Thus, there is necessarily no "special relationship" that would give rise to a duty to protect Ms. Patrick from the criminal acts of another.
Under the "special circumstances" exception, one may owe a duty of care, but that duty does not arise unless the person "knew or had reason to know of a probability of conduct by third persons that would endanger the plaintiff." Saccuzzo v.Krystal Co., 646 So.2d 595 (Ala. 1994). There is no evidence that Union State Bank foresaw the criminal activity of the person who opened the account in Ms. Patrick's name. Whether a legal duty exists is a question of law for the courts. Albertv. Hsu, 602 So.2d 895 (Ala. 1992). In my opinion, under the undisputed facts in this case, the trial court correctly concluded that, as a matter of law, Union State Bank owed no legal duty to Ms. Patrick.
On the issue of proximate cause, I cite only Palsgraf v. LongIsland R. Co., 248 N.Y. 339, 162 N.E. 99 (1928), for the proposition that even one who is negligent is liable only for the harm or injury within the orbit of foreseeability. Under this Court's holding today, banks are now required to foresee criminal acts in all banking transactions. To use *Page 1373 Palsgraf as an analogy, I fear that the majority opinion in this case will be like a dropped bundle of fireworks that may throw down the scales of justice and injure those most in need of compassion from the banking system.
MADDOX, J., concurs.