The Court granted the petition for the writ of certiorari filed by the defendant McRae's of Alabama, Inc., to review its argument that the reversal by the Court of Civil Appeals conflicts with this Court's decisions holding that "It is the general rule in Alabama that absent special relationships or circumstances, a person has no duty to protect another from criminal acts of a third person." Moye v. A.G. Gaston Motels,Inc., 499 So.2d 1368, 1370 (Ala. 1986). See C.A. v. Wal-Mart,Inc., 683 So.2d 413 (Ala. 1996); Baptist Memorial Hospital v.Gosa, 686 So.2d 1147 (Ala. 1996); Broadus v. Chevron USA, Inc.,677 So.2d 199 (Ala. 1996); Habich v. Crown Central PetroleumCorp., 642 So.2d 699 (Ala. 1994); Dailey v. Housing Auth. forBirmingham Dist., 639 So.2d 1343 (Ala. 1994); E.H. v. OverlookMountain Lodge, 638 So.2d 781 (Ala. 1994); W.L.O. v. Smith,585 So.2d 22 (Ala. 1991); Webster v. Church's Fried Chicken, Inc.,575 So.2d 1108 (Ala. 1991); Douglas v. McDonald's Corp.,565 So.2d 137 (Ala. 1990); Morton v. Prescott, 564 So.2d 913
(Ala. 1990); Bailey v. Bruno's, Inc., 561 So.2d 509 (Ala. 1990);Williams v. First Alabama Bank, 545 So.2d 26 (Ala. 1989); Nailv. Jefferson County Truck Growers Ass'n, Inc., 542 So.2d 1208
(Ala. 1988); O.H. v. Ballard Realty Co., 516 So.2d 519
(Ala. 1987); Childers v. Winn-Dixie Stores, Inc., 514 So.2d 879
(Ala. 1987); Frazier v. Laborers Int'l Union of N. America,Local No. 559, 502 So.2d 743 (Ala. 1987); Petrella v. Peddler'sMotor Inn Best Western, 488 So.2d 497 (Ala. 1986); Simpson v.Wolf Ridge Corp., 486 So.2d 418 (Ala. 1986); Law v. OmeletteShop, Inc., 481 So.2d 370 (Ala. 1985); Ortell v. Spencer Cos.,477 So.2d 299 (Ala. 1985); Henley v. Pizitz Realty Co.,456 So.2d 272 (Ala. 1984); Stripling v. Armbrester, 451 So.2d 789
(Ala. 1984); Latham v. *Page 352 Aronov Realty Co., 435 So.2d 209 (Ala. 1983); Berdeaux v. CityNational Bank of Birmingham, 424 So.2d 594 (Ala. 1982); Gaskinv. Republic Steel Corp., 420 So.2d 37 (Ala. 1982); and Parham v.Taylor, 402 So.2d 884 (Ala. 1981).
The facts are adequately set forth in the opinion of the Court of Civil Appeals. See Doe v. McRae's of Alabama, Inc.,703 So.2d 348 (Ala.Civ.App. 1996). Suffice it to say that there had never been a similar assault on the defendant's store premises, or any violent crimes of any nature on those premises. The plaintiffs' evidence falls far short of the high standard a plaintiff must meet to hold a defendant liable for the criminal acts of a third party. The judgment of the Court of Civil Appeals is therefore reversed, and the cause is remanded.
REVERSED AND REMANDED.
MADDOX, ALMON, SHORES, HOUSTON, KENNEDY, COOK, and SEE, JJ., concur.
HOOPER, C.J., concurs in the result.